**BROWN & CONNERY, LLP**
William M. Tambussi, Esquire
William F. Cook, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900

**Christopher A. Orlando, County Counsel**
By: Howard L. Goldberg, First Assistant County Counsel
520 Market Street, 14th Floor
Camden, New Jersey 08102-1375
 (856) 225-5543

*Attorneys for the County of Camden, Camden County*
*Police Department, John Scott Thomson,*
*Orlando Cuevas, Jeremy Merck,*
*Antonio Gennetta, and Nicholas Marchiafava*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **XAVIER INGRAM,** | CIVIL ACTION NO. 1:14-CV-05519 |
| **Plaintiff,** | |
| **vs.** | |
| | **ANSWER OF DEFENDANTS** |
| **COUNTY OF CAMDEN, CAMDEN** | **COUNTY OF CAMDEN, CAMDEN** |
| **COUNTY POLICE DEPARTMENT,** | **COUNTY POLICE DEPARTMENT,** |
| **JEREMY MERCK, ANTONIO** | **JOHN SCOTT THOMSON, ORLANDO** |
| **GENNETTA, MARK** | **CUEVAS, JEREMY MERCK,** |
| **MARCHIAFAVA, JOHN SCOTT** | **ANTONIO GENNETTA, AND** |
| **THOMSON, ORLANDO CUEVAS,** | **NICHOLAS MARCHIAFAVA WITH** |
| **JOHN DOE(S) 1-50, and** | **AFFIRMATIVE DEFENSES, JURY** |
| **ABC ENTITIES 1-10.** | **DEMAND, AND CERTIFICATION** |
| | **PURSUANT TO LOCAL CIVIL RULE** |
| **Defendants.** | **11.2** |

The defendants, County of Camden, Camden County Police Department, John Scott Thomson, Orlando Cuevas, Jeremy Merck, Antonio Gennetta, and Nicholas Marchiafava, by way of answer to the Complaint filed herein say:

2248732.v1

## **THE PARTIES**

1.      These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

2.      It is admitted that the County of Camden is a duly constituted county subdivision of the State of New Jersey, established pursuant to the laws and constitution of the State of New Jersey.  The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

3.      Denied as pled.  It is admitted that the Camden County Police Department is organized and exists pursuant to the laws of the State of New Jersey.  It is specifically denied that the Camden County Police Department is an entity capable of being sued separate and apart from the County of Camden.  The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

4.      Denied as pled.

5.      It is admitted that defendant John Scott Thomson is the duly appointed Chief of the Camden County Police Department and an employee of the County of Camden.  The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

6.      Denied as pled.  It is admitted that defendant Orlando Cuevas is a duly appointed Assistant Chief of the Camden County Police Department and an employee of the County of Camden.  The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

2248732.v1

7.      Denied as pled.  It is admitted that defendant Jeremy Merck is a Sergeant in the Camden County Police Department and is an employee of the County of Camden. The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

8.      Denied as pled.  It is admitted that defendant Anthony Gennetta is a police officer in the Camden County Police Department and an employee of the County of Camden.  The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

9.      These allegations are denied.

10.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

11.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**A.      EXCESSIVE USE OF FORCE IN ARREST**

12.     These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

13.     These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

14.     These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

2248732.v1

15.     These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

16.     Denied as pled.  It is admitted that the plaintiff ran from the pursuing police officers.  The remaining allegations are denied.

17.     These allegations are denied.

18.     These allegations are denied.

19.     These allegations are denied.

**B.      FAILURE TO PROVIDE MEDICAL CARE**

20.     The allegations of this paragraph are ambiguous and unclear and are therefore neither admitted nor denied.

21.     These allegations are denied.

22.     Denied as pled.  It is specifically denied that the defendant officers acted or failed to act in any manner which was in violation of any duty owed to the plaintiff, any applicable standard of care, or any rights of the plaintiff.

23.     These allegations are denied.

**C**.      **INJURIES AND DAMAGES**

24.     Admitted in part and denied in part.  It is admitted that the plaintiff suffered injuries as set forth in the hospital records.  It is specifically denied that any of these injuries were due to assault by or any actions or omissions on the part of any of the defendants.

**D.      CONSPIRACY    TO    COVER-UP    OFFICERS'    WRONGFUL CONDUCT**

25.     These allegations are denied.

4

26.     These allegations are neither admitted nor denied, leaving plaintiff to his proofs.

27.     It is admitted that portions of the pursuit and arrest of the plaintiff were recorded via video technology.  It is denied that Camden County or its police department released any portions of that video footage.  The remaining allegations are neither admitted nor denied, except that it is specifically denied that any defendant, either intentionally or unintentionally, acted in any manner whatsoever so as to cover up or conceal any conduct of any police officer.  It is further specifically denied that the conduct of any defendant officer or any fictitiously named John Doe was illicit or wrongful.

## JURISDICTION

28.     To the extent that jurisdiction is conferred as a result of the alleged wrongful act of any defendant, these allegations are denied.

29.     Admitted.

30.     The answering defendants have insufficient knowledge, information or belief to form an opinion regarding the allegations of this paragraph, which are therefore neither admitted nor denied.

## FIRST COUNT

## LIABILITY FOR EXCESSIVE USE OF FORCE
## IN VIOLATION OF 42 U.S.C. §1983

31.     The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

32.     Denied.

5

2248732.v1

33.     Denied.

34.     Denied.

35.     Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

## SECOND COUNT

## LIABILITY FOR FAILURE TO PROVIDE MEDICAL CARE IN VIOLATION OF 42 U.S.C. §1983

36.     The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

37.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

38.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

39.     The allegation of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs, except that it is specifically denied that the plaintiff suffered any injuries which resulted from the use of force in arresting him.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

6

2248732.v1

**THIRD COUNT**

**SUPERVISORY AND BYSTANDER LIABILITY
FOR CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §1983**

44.     The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

**FOURTH COUNT**

**GOVERNMENTAL LIABILITY FOR CONSTITUTIONAL
VIOLATIONS CAUSED BY INADEQUATE
POLICIES, PROCEDURES AND CUSTOMS**

50.     The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

**A.     BACKGROUND TO THE CCPD**

51.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

52.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

7

2248732.v1

53.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

54.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

55.     It is admitted that as of May 1, 2013, the police services in the City of Camden are provided by the Camden County Police Department.  It is further admitted that the County of Camden and the City of Camden are parties to a Police Services Agreement.  The remaining allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

**B.      BACKGROUND TO THE CITY OF CAMDEN POLICE DEPARTMENT**

56.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

57.     Denied.

58.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

**C.      POLICIES AND CUSTOMS CONTINUE UNCHECKED AT THE CCPD**

59.     Admitted.

60.     Admitted.

61.     The allegations of this paragraph are neither admitted nor denied, leaving plaintiff to his proofs.

2248732.v1

62.     Denied as pled.  It is specifically denied that the former Camden Police Department officers and personnel hired by Camden County "had a history of complaints of police misconduct, including but not limited to excessive force and that there had been a widespread pattern, practice and custom within that police force for violating the civil and constitutional rights of Camden citizens" and that defendants Thomson and Cuevas "had tacitly approved such pattern practice and customs and had acted with deliberate indifference in failing to properly train, supervise and discipline the officers, including the defendant Officers herein, to prevent future acts of misconduct."

63.     Denied.

64.     Denied.

**D.      CONSPIRACY TO COVER-UP DEFENDANT OFFICERS' WRONGFUL CONDUCT IN FURTHERANCE OF CCPD POLICIES AND CUSTOMS**

65.     Denied.

66.     Denied.

67.     Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

## FIFTH COUNT

## GOVERNMENTAL LIABILITYI FOR CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE TRAINING AND SUPERVISION

68.     The answering defendants repeat the answers to the foregoing allegations as if the same were set forth at length herein.

69.     Denied.

9

2248732.v1

70.    Denied.

71.    Denied.

**WHEREFORE**, the answering defendants demand judgment, dismissing plaintiff's complaint with prejudice and with an award of fees and costs.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

Howard L. Goldberg, Esquire
First Assistant County Counsel

DATED:        October 8, 2014

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part due to absolute and/or qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part, as the defendants complied with all applicable state statutes, regulations and common law duties owed to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred in whole or in part, as the plaintiff suffered no violation of his civil rights due to the action or inaction of the answering defendants.

10

2248732.v1

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint is barred in whole or in part on the basis of those defenses specified under Federal Rules of Civil Procedure 12(b)(1) which the defendants have not waived: (a) lack of jurisdiction over the defendants;  (b) improper venue;  (c) insufficiency of process; and/or (d) insufficiency of service or process.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint is barred in whole or in part, as the action(s) of the answering defendants complained of do not rise to the level of a constitutional violation.

**SEVENTH AFFIRMATIVE DEFENSE**

The answering defendants were not guilty of negligence and did not breach or violate any duty or obligation owed to the plaintiff, if any.  Even if the answering defendants were negligent, such negligence did not rise to the level of a constitutional violation.

**EIGHTH AFFIRMATIVE DEFENSE**

The answering defendants did not act maliciously, intentionally or in a wrongful manner.

**NINTH AFFIRMATIVE DEFENSE**

The answering defendants at all times relevant herein performed their duties, and at no time were the answering defendants grossly negligent, reckless and/or deliberately indifferent to the medical, safety or other needs of the plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint is barred in whole or in part, as the answering defendants are immune by virtue of the good faith exercise of their official duties and offices.

11

2248732.v1

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint is barred in whole or in part, as the answering defendants may not be held liable under a theory of *respondeat superior*, and are not vicariously liable for the actions of the other defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

The plaintiff's Complaint is barred in whole or in part as there was no policy or custom implemented by the answering defendants which were a driving force of the constitutional violation alleged by the plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The injuries suffered by the plaintiff resulted from his own actions and/or the actions of third parties over whom the answering defendants had no control and/or no duty to control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

At the times and places mentioned in the Complaint, there was no proximate cause between the alleged acts and conduct of the Answering Defendants and the alleged damages suffered by plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The answering defendants affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.* and are immune from plaintiff's claim for relief or damages due to the immunities set forth therein.

12

2248732.v1

**SIXTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's complaint is barred in whole or in part, and by any/all provisions of the New Jersey Tort Claim Act, *N.J.S.A.* 59:1-1 et seq., due to plaintiff's failure to comply with the said provisions, including as if listed herein separately and particularly each and every section identified and encompassed therein and/or the immunities provided to the defendant(s) under the aforementioned provisions.

**SEVENTEETH AFFIRMATIVE DEFENSE**

The plaintiff's complaint is barred in whole or in part by the absolute privilege or the qualified privilege.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover for the alleged improper statements because the statements are, in fact, true.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Camden County Police Department is not a proper party defendant under law.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages from the entity defendants, the individual defendants, or both.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate damages.

13

2248732.v1

## <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint is barred by the doctrines of estoppel, fraud, unclean hands or waiver.

## <u>RESERVATION OF DEFENSES AND OBJECTIONS</u>

The defendants hereby reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

Howard L. Goldberg, Esquire
First Assistant County Counsel

DATED:          October 8, 2014

2248732.v1

## <u>NOTICE TO PLAINTIFF AND PLAINTIFF'S COUNSEL</u>

The plaintiff's complaint is frivolous; the pertinent allegations and factual contentions contained in plaintiff's complaint have no evidentiary support and constitute a violation of Rule 11(b) of the Federal Rules of Civil Procedure and defendants reserve the right to move for sanctions.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

Howard L. Goldberg, Esquire
First Assistant County Counsel

DATED:          October 8, 2014

## <u>JURY TRIAL DEMAND</u>

A jury trial is demanded as to all issues raised in plaintiff's Complaint.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

Howard L. Goldberg, Esquire
First Assistant County Counsel

DATED:          October 8, 2014

15

2248732.v1

## CERTIFICATION PURSUANT TO LOC. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

Howard L. Goldberg, Esquire
First Assistant County Counsel

DATED:        October 8, 2014

## PROOF OF SERVICE

I, William M. Tambussi, attorney for the defendants, County of Camden, Camden County Police Department, John Scott Thomson, Orlando Cuevas, Jeremy Merck, Antonio Gennetta, and Nicholas Marchiafava, hereby certify that on October 8, 2014, I served a true and correct copy of the Answer via the ECF system upon Beth G. Baldinger, Esquire, counsel for the plaintiff in the above matter.

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*/s/ William M. Tambussi*
William M. Tambussi, Esquire

Howard L. Goldberg, Esquire
First Assistant County Counsel

DATED:        October 8, 2014

16

2248732.v1