IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XAVIER INGRAM,<br><br>               Plaintiff,<br><br>    v.<br><br>COUNTY OF CAMDEN, et al.,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>14-5519 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    1.    This matter comes before the Court by way of Motion to Strike the Expert Opinions and Testimony of Christopher Chapman, filed by Defendants County of Camden, Camden County Police Department, Nicholas Marchiafava, John Scott Thomson, and Orlando Cuevas (hereinafter "Moving Defendants") on July 25, 2018. (See Motion to Strike [Docket Item 142].) After being granted numerous extensions, Plaintiff Xavier Ingram filed a brief in opposition to Moving Defendants' Motion to Strike Dr. Chapman's Testimony on October 2, 2018. (See Brief in Opposition [Docket Item 177].) On October 15, 2018, Plaintiff filed an additional document in opposition to Moving Defendants' present Motion to Strike Dr. Chapman's Testimony, titled "Plaintiff's Respone [sic] to Defendant's [sic] Schedules (A-E)." (See Further Opposition [Docket Item 178].) On October 22, 2018,

Moving Defendants filed an additional Motion to Strike Plaintiff's additional document in opposition to the underlying Motion to Strike, as overlength. (See Motion to Strike Plaintiff's Brief [Docket Item 198].) On November 5, 2018, Plaintiff filed a cross-motion for leave to file an overlength brief nunc pro tunc. (See Cross-Motion [Docket Item 202].)[1]

The Court has considered the submissions and shall decide the pending cross-motions [Docket Items 198 & 202] pursuant to Rule 78(b), Fed. R. Civ. P.

2. For the reasons set forth below and for good cause shown, Moving Defendants' Motion to Strike Plaintiff's overlength submission [Docket Item 198] will be denied, Plaintiff's cross-motion for leave to file an overlength submission nunc pro tunc [Docket Item 202] will be granted, and Moving Defendants will be granted leave to file an overlength reply brief with regards to their pending Motion to Strike Dr. Chapman's Testimony [Docket Item 142], by no later than November 30, 2018.

---

[1] Moving Defendants have also filed a letter seeking an extension of time to submit briefs regarding the pending cross-motions. (See Letter [Docket Item 203].) However, as Moving Defendants and Plaintiff have both submitted briefs regarding the appropriateness of Plaintiff's additional submission [Docket Item 178], the Court deems that it is appropriate to decide the cross-motions without further briefing.

2

3. The Court notes that the permissible length of briefs submitted to the Court is governed by Rule 7.2, L.Civ.R., which provides, in relevant part:

> (b) Any brief shall include a table of contents and a table of authorities and shall not exceed 40 ordinary typed or printed pages (15 pages for any reply brief submitted under L.Civ.R. 7.1(d)(3) and any brief in support of or in opposition to a motion for reconsideration submitted under L.Civ.R. 7.1(i)), excluding pages required for the table of contents and authorities. Briefs of greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief.
>
> [. . .]
>
> (d) Each page of a brief shall contain double-spaced text and/or single-spaced footnotes or inserts. Typeface shall be in 12-point non-proportional font (such as Courier New 12) or an equivalent 14-point proportional font (such as Times New Roman 14). If a 12-point proportional font is used instead, the page limits shall be reduced by 25 percent (e.g., the 40 page limit becomes 30 pages in this font and the 15 page limit becomes 11.25 pages). Footnotes shall be printed in the same size of type utilized in the text.

L.Civ.R. 7.2.

4. Moving Defendants' initial brief in support of their Motion to Strike Dr. Chapman's Testimony appears to be written in 12-point Times New Roman font, therefore, under Rule 7.2(d), L.Civ.R., the brief is limited to a maximum length of thirty (30) pages. (<u>See</u> Moving Defs.' Br. [Docket Item 142-1].) Moving

Defendant's brief includes precisely thirty (30) pages, including seventeen (17) double-spaced pages of legal argument, followed by thirteen (13) single-spaced pages that Moving Defendants have termed Schedules A-E. (See id.) Moving Defendants' "Schedules" are not a "table of contents and authorities," as contemplated by Rule 7.2, L.Civ.R., therefore the length of these "Schedules" would contribute to the thirty-page limit set by the Rule. These "Schedules" are considered part of the argument in the brief because they explain and identify the allegedly objectionable parts of Dr. Chapman's opinions and testimony to which Moving Defendants' arguments are directed. These "Schedules" are not double-spaced, as required by Rule 7.2(d), L.Civ.R., and if they were the combined length of Moving Defendants' brief would certainly exceed the thirty-page limit provided by the Rule. Therefore, the Court finds that Moving Defendants' brief filed in support of their Motion to Strike Dr. Chapman's Testimony is itself in violation of the length requirements set forth by Local Civil Rule 7.2.

  5. Moving Defendants did not seek leave to file an overlength brief prior to filing their overlength brief in support of their Motion to Strike Dr. Chapman's Testimony, as required by Rule 7.2(b), L.Civ.R., nor have they ever filed a motion seeking leave to file such a brief nunc pro tunc. Nevertheless, in light of the complexity of the motion, the

Court finds that permitting consideration of the brief is the most efficient and appropriate course of action at this time, and therefore the Court shall consider Moving Defendants' overlength brief.

6. Plaintiff's brief in opposition to the Motion to Strike Dr. Chapman's Testimony contains just over twenty-five (25) pages of double-spaced, 12-point Times New Roman font, in compliance with the requirements of Rule 7.2, L.Civ.R. (See Brief in Opposition [Docket Item 177].)

7. But, Plaintiff filed an additional document in response to the "Schedules" attached to Moving Defendants' brief, which is over fifty-eight (58) pages long. (See Further Opposition [Docket Item 178].) That additional document is clearly argument and its length must be included in the page-count. Plaintiff did not seek leave to file an overlength brief prior to filing this document. Submission of such a lengthy brief is a clear violation of Rule 7.2, L.Civ.R. However, this brief was submitted in part to respond to the overlength brief filed by Moving Defendants, described supra, and it also reproduces large portions of Moving Defendants' overlength brief in a manner that makes the document very organized and helpful to the Court's consideration of the underlying motion. Therefore, again given the complexity of the motion, the Court shall deny Moving Defendants' motion to strike Plaintiff's

overlength submission [Docket Item 198], and grant Plaintiff's cross-motion for leave to file his overlength submission nunc pro tunc [Docket Item 202].

8. Additionally, the Court shall grant Moving Defendants leave to file an overlength reply brief, with regards to their pending Motion to Strike [Docket Item 142]. Such a reply brief shall be filed by no later than November 30, 2018 and shall not exceed twenty-five (25) pages of double-spaced, 12-point, non-proportional font or its equivalent, pursuant to Rule 7.2, L.Civ.R.

9. The Court finally notes that both sides have violated Local Civil Rule 7.2's briefing limitations. Rather than striking all non-compliant briefs, the Court elects to permit the overlength briefs on both sides and give Moving Defendants leeway on their reply brief due to the plethora of issues and arguments raised by the underlying motion to strike Dr. Chapman's opinions and testimony.

10. For the reasons stated above, Moving Defendants' Motion to Strike Plaintiff's overlength submission [Docket Item 198] will be denied, Plaintiff's cross-motion for leave to file an overlength submission nunc pro tunc [Docket Item 202] will be granted, and Moving Defendants will be granted leave to file an overlength reply brief with regards to their pending Motion to

Strike Dr. Chapman's Testimony [Docket Item 142], by no later than November 30, 2018. An accompanying Order will be entered.


**November 16, 2018**             **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   U.S. District Judge