IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XAVIER INGRAM,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF CAMDEN, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>14-5519 (JBS-KMW) |
| DARREN A. DICKERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF CAMDEN, et al.,<br><br>       Defendants. | Civil Action No.<br>14-6905 (RBK-KMW)<br><br>**MEMORANDUM<br>OPINION** |

**SIMANDLE**, District Judge:

    1.   On June 14, 2014, Plaintiff Xavier Ingram was allegedly assaulted by several Camden County Police Officers resulting in catastrophic injuries including quadriplegia, in violation of 42 U.S.C. § 1983. As the alleged assault unfolded, Plaintiff Darren A. Dickerson was a bystander who yelled curse words at the police officers about their misconduct and allegedly was also attacked by certain police officers, causing injury, also in violation of 42 U.S.C. § 1983. Plaintiffs filed separate suits in this Court which

were consolidated for purposes of management and pretrial discovery before the Honorable Karen M. Williams, U.S. Magistrate Judge.

2. This matter comes before the Court by way of motion to consolidate for trial the cases of Ingram v. County of Camden, Civil No. 14-5519 (JBS-KMW), (hereinafter "the Ingram matter") with Dickerson v. County of Camden, Civil No. 14-6905 (RBK-KMW), (hereinafter "the Dickerson matter") filed by Plaintiff Darren A. Dickerson. (See Dickerson Mot. [Docket Item 172].)[1] The present motion is opposed by Defendants County of Camden, Camden County Police Department, John Scott Thomson, and Orlando Cuevas (hereinafter "County Defendants"), who are defendants in both the Ingram matter and in the Dickerson matter, and by Defendant Merck in the Ingram matter.[2] (See County's Opp'n [Docket Item 190]; Merck's Opp'n [Docket Item 195].) Thereafter, Plaintiff Dickerson filed a reply brief. (See Dickerson Reply [Docket Item 201].)

---

[1] The present motion and the parties' related submissions were filed solely in the Ingram matter, pursuant to Rule 42.1, L. Civ. R. Therefore, any citations to documents on the record in this Memorandum Opinion shall be made to items that are present on the Ingram docket, unless otherwise noted. The undersigned decides the consolidation motion as the judge to whom the earlier-filed matter was assigned, pursuant to Rule 42.1, L. Civ. R.

[2] Defendant Marchiafava in the Ingram matter and Defendant Shockley in the Dickerson matter each joined County Defendants' brief. (See Letters [Docket Items 191, 193].)

2

The Court has considered the submissions and decides the pending motion [Docket Item 172] pursuant to Rule 78(b), Fed. R. Civ. P.

3. For the reasons set forth below, Plaintiff Dickerson's motion to consolidate these cases will be granted.

4. Under Federal Rule of Civil Procedure 42(a),[3] "district courts have 'broad power' to consolidate cases that share 'common question[s] of law or fact.'" A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 212 (3d Cir. 2014) (quoting Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964), cert. denied, 382 U.S. 812 (1965); citing United States v. Schiff, 602 F.3d 152, 176 (3d Cir. 2010) (noting that a district court has "broad discretion in its rulings concerning case management")). "The mere existence of common issues, however, does not require consolidation." Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp., 149 F.R.D. 65, 80-81 (D.N.J. 1993) (citations omitted) (emphasis added). Rather, "[t]he savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." Id. (citations

---

[3] Federal Rule of Civil Procedure 42(a) specifically provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; (3) or issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a).

3

omitted). However, ultimately, "a court may consolidate cases if, in its discretion, 'consolidation would facilitate the administration of justice.'" Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 176 (D.N.J. 2008) (quoting Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc., 775 F.Supp. 759, 761 (D.Del.1991)).

5. Plaintiff Dickerson argues that the Ingram and Dickerson matters should be consolidated because both matters arise from the same series of events, both matters involve the same causes of action, both matters include the same law firm representing Defendant County of Camden, both matters were consolidated for the purposes of discovery, both matters will include the same videotape evidence, substantially the same fact witnesses,[4] and the same expert witnesses.[5] (Dickerson Br. [Docket Item 172-5], 8.) There is substantial overlap of named defendants.[6] Plaintiff Dickerson

---

[4] Dickerson has identified eight fact witnesses who would testify as to both incidents.

[5] Plaintiff Dickerson concedes that he and Plaintiff Ingram would rely on different doctors' testimony regarding their respective injuries. (Dickerson Br. [Docket Item 172-5], 8.)

[6] The Ingram and Dickerson pleadings both name Camden County, Camden County Police Department, Chief Thomson, and Officer Cuevas, each of whom is represented by the law firm of Brown & Connery. Ingram also names Officer Marchiafava (represented by Brown & Connery), Officer Gennetta (represented by Zeller & Wieliczko) and Officer Merck (represented by Blumberg & Wolk), while Dickerson names Officer Shockley (represented by Brown & Connery).

4

further argues that consolidation of the Ingram and Dickerson matters would conserve the resources of the Court, of Defendant County of Camden (and therefore of the taxpayers), and of both Plaintiff Dickerson and Plaintiff Ingram. (Id. at 9.) Finally, Plaintiff Dickerson asserts that in the absence of consolidation, two separate trials may yield two inconsistent verdicts with respect to Defendants' liability in these two matters. (Id.)

6. County Defendants oppose Plaintiff Dickerson's motion on the grounds that the facts underlying the Ingram matter will be relevant only as background or context to the Dickerson matter, not as substantive evidence of the allegations set forth by Plaintiff Dickerson. (See County Opp'n [Docket Item 190], 9.) County Defendants further assert that consolidation is not appropriate because the Ingram and Dickerson matters include separate Officer Defendants and because the Ingram matter includes a number of Daubert issues that are not present in the Dickerson matter. (See id. at 9-10.) County Defendants argue that those Officer Defendants who are only in the Dickerson matter should not be required to defend against the allegations in the Ingram matter, and vice versa. (See id. at 10.) County Defendants go on to assert that similar allegations in the two matters regarding police practices and Monell liability and the fact that the parties rely on the same experts in both matters are insufficient grounds to justify consolidation of Ingram and Dickerson. (See id. at 10-11.)

County Defendants also emphasize that the Ingram and Dickerson matters rely on separate facts and only have certain overlapping fact witnesses. (See id. at 11-12.) Finally, County Defendants argue that the fact that County Defendants are represented by the same counsel in both Ingram and Dickerson is irrelevant and that Plaintiff Dickerson is overstating the efficiency to be realized by combining the two matters. (See id.)[7]

7. Defendant Merck opposes Plaintiff Dickerson's present motion, asserting that the events in the Ingram and Dickerson matters are not intertwined, as they involve separate defendants and separate legal claims. (See Merck Opp'n [Docket Item 195], 4.) Defendant Merck also asserts that he will be prejudiced by consolidating these two matters; in particular he foresees being prejudiced if Plaintiff Dickerson's Monell expert is permitted to discuss the expert's opinion regarding Defendant Merck's personnel

---

[7] County Defendants also note that Plaintiff Ingram has taken no position regarding Plaintiff Dickerson's motion. (See County's Opp'n [Docket Item 190], 12.) However, it is unclear to the Court why any party's decision to neither support nor oppose a motion should weigh in favor of or against such a motion. County Defendants then assert that "[Plaintiff] Ingram does not share any of [Plaintiff] Dickerson's concerns regarding resources, inconsistent verdicts, or anything else." (Id.) The Court sees no basis for County Defendants' assertions regarding what concerns Plaintiff Ingram may or may not have. As Plaintiff Ingram has not filed any submissions with regard to the present motion, the Court is left to guess as to what basis County Defendants rely upon in order to make such seemingly definitive assertions on behalf of Plaintiff Ingram. All that we know is that Plaintiff Ingram does not oppose the consolidation of his case with Plaintiff Dickerson's.

6

records and the expert's opinion that Defendant Merck should have received a remedial intervention as a result of his record. (See id. at 5-6.) Defendant Merck also argues that the jury may be confused, because it is possible that different attorneys may be advocating on behalf of Defendant Marchiafava with respect to the Ingram matter as opposed to the Dickerson matter. (See id. at 7-8.)

8. In his reply brief, Plaintiff Dickerson reiterates his position that there is significant overlap of the facts, witnesses, and parties in the Ingram and Dickerson matters, and that there are significant efficiency benefits to be realized by all parties, by the Court, and by the taxpayer, were these two matters to be consolidated. (Dickerson Reply [Docket Item 201], 2-6.)

9. The Ingram matter revolves around an encounter between Camden County Police officers and Plaintiff Ingram on June 12, 2014; the Dickerson matter revolves around Plaintiff Dickerson's observations of Plaintiff Ingram's encounter, his comments to Camden County Police officers during that encounter, and the officers' immediate reaction to Plaintiff Dickerson's comments. (See Dickerson Br. [Docket Item 172-5], 2; County's Opp'n [Docket Item 190], 2-3; Merck's Opp'n [Docket Item 195], 1.) Both matters involve claims regarding inappropriate police practices imposing excessive force and Monell liability arising from Plaintiff Ingram's encounter with Camden County Police officers and

7

Plaintiff Dickerson's subsequent reaction to that encounter. (See generally Second Amended Complaint [Docket Item 64], in the Ingram matter; Complaint [Docket Item 1], in the Dickerson matter.) The parties agree that many of the expert witnesses in these two matters will overlap, though they may opine on slightly different facts in relation to the claims of the two plaintiffs. (See Dickerson Br. [Docket Item 172-5], 8; County's Opp'n [Docket Item 190], 11; Merck's Opp'n [Docket Item 195], 5.) The parties appear to agree that there are likely to be common fact witnesses in these two matters. (See Dickerson Br. [Docket Item 172-5], 8; County's Opp'n [Docket Item 190], 11; Merck's Opp'n [Docket Item 195], 4.) The parties further appear to agree that at least some of the facts surrounding Plaintiff Ingram's encounter with police will be necessary to present at the trial of the Dickerson matter, including the same videotape evidence, in order to provide the jury with the proper background and context to Plaintiff Dickerson's claims. (See Dickerson Br. [Docket Item 172-5], 8; County's Opp'n [Docket Item 190], 9; Merck's Opp'n [Docket Item 195], 1.)[8]

---

[8] Defendant Merck's opposition brief [Docket Item 195] does not directly address Plaintiff Dickerson's claims that certain evidence regarding Plaintiff Ingram's encounter with police will be necessary at the trial of the Dickerson matter, though Defendant Merck does assert that the two matters are "not 'intertwined,'" that the two matters include different Officer Defendants, and that each matter includes certain distinct circumstances. (Merck's Opp'n [Docket Item 195], 4.)

10. Assessing these common factors against the prospects of inconvenience or unfair prejudice to litigants and confusion of the jury, the Court finds that these two cases involve a number of common questions of law and fact, that there would be significant time and expense saved by the parties, the Court, and the public purse, were the Ingram and Dickerson matters to be consolidated, and, therefore, that consolidation of the Ingram and Dickerson matters "would facilitate the administration of justice."[9]

11. The Court has considered County Defendants' argument, that the Officer Defendants in each of the two matters are not identical, and that they should not be required to defend against claims made in matters to which they are not a party. As noted, three Officer Defendants are named only in Ingram (i.e. Machiafava, Gennetta, and Merck) and Officer Shockley is the only defendant named solely in Dickerson. However, no party has stated that a jury may confuse one Officer Defendant in one matter for a different Officer Defendant in the other matter, nor has any party described any "inconvenience" or "expense" that they might

---

[9] County Defendants observe, supra, that the Ingram matter has certain Daubert motions pending that do not involve any of the issues in the Dickerson matter. However, two matters do not need to present completely identical questions of law and fact in order to be consolidated, and furthermore no party has asserted that the Daubert motions currently pending in the Ingram matter would cause any "inconvenience, delay or expense" to the parties present in only the Dickerson matter, and the Court does not find any substantial issue.

experience as a result of consolidation. Even from the County's perspective, separate trials would be substantially redundant and more expensive than one consolidated trial.[10] The Court agrees with County Defendants' assessment that consolidation may lead to certain Officer Defendants sitting through certain days of trial that do not directly address the claims against them, (see County's Opp'n [Docket Item 190], 10); however, such minimal delays for one party in these matters, which were each filed in 2014, are not significant enough to override the advantages of consolidation described, supra. Moreover, the trial schedule can be managed to minimize such unnecessary days of attendance.

12. The Court is mindful of the potential for prejudice described by Defendant Merck, supra; however, any such prospect can easily be cured by limiting instructions or other remedies available to the parties and the Court under the Federal Rules of Evidence. Defendant County of Camden faces Monell liability related to the training and supervision of Defendant Merck and others in Ingram, and having a separate trial regarding Monell

---

[10] The Court notes its decision is not based upon the prospect of avoiding inconsistent verdicts, as argued by Plaintiff Dickerson. Liability or non-liability for excessive force in one case does not imply that the same result should be reached in the other. To this extent, as the jury will be instructed, the jury will be informed that it must consider each plaintiff's claims separately and reach individual verdicts independent of each other.

liability in Dickerson does not eliminate the prospect of Monell evidence being adduced that involves Defendant Merck's record.

13. Moreover, after various dispositive motions are addressed in Ingram and Dickerson, the Court will be in position to assess the final scope of trial. At that time, the Court may also consider whether the trial should be bifurcated into two phases, with Phase I concerning questions of individual liability of Officer Defendants and Phase II, if necessary, addressing Monell liability and damages. Such a determination awaits further developments.

14. For the reasons stated above, Plaintiff Dickerson's motion to consolidate the cases of Ingram v. County of Camden, Civil No. 14-5519 (JBS-KMW), with Dickerson v. County of Camden, Civil No. 14-6905 (RBK-KMW) [Docket Item 172] for trial will be granted. An accompanying Order will be entered.

**January 15, 2019**　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　U.S. District Judge