# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

**Writer's Direct Dial & Email:**
**(973) 228-0473**
**bbaldinger@mazieslater.com**

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

January 26, 2022

**VIA ECF ONLY**
Honorable Juan R. Sanchez, U.S.C.J.
United States District Court, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
Room 14613
Philadelphia, Pennsylvania 19106-1797

    Re:    **Xavier Ingram v. County of Camden, et al.**
             **Civil Action No.: 1:14-cv-05519**

Dear Judge Sanchez:

    I write to request a conference to address several pre-trial issues that have arisen for which Your Honor's guidance is requested.

### Updated Life Care Plan and Economist Report

    Defendants were apprised that plaintiff would be serving an updated Life Care Plan and Economic report regarding its valuation. Unfortunately, Edmund Provder, our life care plan expert had health issues which delayed producing the report. Nevertheless, on January 24, 2022 we served the updated Life Care Plan, along with an updated report from Dr. Guy Fried and a letter from Deborah Castellucci, R.N., the catastrophic care nurse for Mr. Ingram, approving the Life Care Plan as medically necessary and reasonable. On January 25, 2022, I served the updated Economic report by plaintiff's economist, Kris Kuscma, M.D. Prior to that, on December 28, 2022, I served Dr. Fried's updated IME report as to Mr. Ingram's current condition. Defendants' life care plan expert, Valerie Parisi is scheduled to see Mr. Ingram on February 4, 2022 at Hammonton Nursing Home and I expect to receive her report, along with one from the defendants' economist.

    Defense counsel is now insisting that I file a Motion by today, for leave to serve these updated reports, which I cannot do without Your Honor's permission. However, filing such a motion seems entirely unnecessary as such updated reports are routinely served in order to be current with trial. The suggestion to work out a Consent Order to provide a reasonable schedule for defendants' responding reports and depositions has not materialized. Accordingly, I believe Your Honor's guidance on this issue would be beneficial to all parties.

Honorable Juan R. Sanchez, U.S.C.J.
January 26, 2022
Page 2

### Producing Plaintiff For Trial

Defendants are now challenging Mr. Ingram's need to be in a hospital bed in the courtroom. They also claim by giving him a weekend to recuperate will unduly prejudice them. How plaintiff is produced in Court to testify should be addressed now.

As I have previously advised defense counsel and Your Honor, we intend to bring Mr. Ingram to Court on a Friday to testify. In the event defendants' are not done with their cross-examination, we will bring Mr. Ingram back to Court on the following Monday. As Mr. Ingram is a bed-bound quadriplegic, we have made arrangements with appropriate service providers to bring and set up a hospital bed with proper mattress on the Thursday before he testifies. We have also arranged for medical transport to bring Mr. Ingram, on a stretcher, from Hammonton nursing home to the Courthouse which I estimate is about a 1 hour drive each way. He will then be transferred from the stretcher to the bed to testify. We have also arranged for nursing care to attend to his needs at Court. He has a suprapubic catheter and colostomy bag, along with other needs which require nursing care. Mr. Ingram's arrival to the Courtroom and any needed nursing care will be done outside of the presence of the jury.

The reason for having him appear on a Friday and brought back the next Monday if necessary, is because he is not up to the rigors and stress of being moved and transported on two consecutive days. As the medical records and reports thoroughly document, Mr. Ingram has severe contractions in both his upper and lower extremities and suffers with spasms and pain, which are made worse by moving him. This would afford him the opportunity to physically recover on Saturday and Sunday, before being returned to Court on Monday.

As I trust Your Honor can appreciate, bringing Mr. Ingram into Court is a sizeable undertaking requiring the coordination of many providers and services. I would like to address this issue now so as to avoid any needless complications or delays.

### Discovery of Cross-Examination Material

The defendants have taken the position that they have no obligation to produce any materials they intend to use to impeach any witness, particularly Mr. Ingram. Defense counsel for Camden County and Camden County Police Department has indicated that they are withholding impeachment materials, including purported evidence linking Mr. Ingram to prior crimes allegedly committed with the subject gun at issue. Notably, the subject events took place more than 7 years ago, and to date, Mr. Ingram has never been charged nor linked with any of these prior crimes allegedly connected to this gun. As Your Honor is aware, there are currently pending Motions in Limine to bar defendants from introducing any evidence, or making any reference to these prior crimes allegedly committed with the subject gun. (D.E. 294-1, No. 3; D.E. 285-1, Point 4)

Nevertheless, defense counsel for the County has been pressing for a blanket waiver by Mr. Ingram of all Fifth Amendment rights against self-incrimination at this civil trial. As should be noted, Mr. Ingram has already testified in this civil case that he was not in possession of the gun or drugs for which he has been charged with, which charges are still pending.

Honorable Juan R. Sanchez, U.S.C.J.
January 26, 2022
Page 3

Despite plaintiff having propounded discovery demands for all cross-examination materials, defendants have refused to identify and produce any such materials. As is evident, this is critical issue that merits being addressed now.

### Defendant Merck Employment Records

As defendant Lt. Jeremy Merck is no longer employed by Camden County Police Department, we sought to obtain discovery as to the reasons for his separation and documentation pertaining to his leaving this employment. We also asked for the current employment status of the other defendants, Nicholas Marchiafava and Antonio Gennetta. Having pressed for this information and not having received any response, we were ultimately instructed by defense counsel for Camden County and Camden County Police Department to make a formal demand. Accordingly, we served a Subpoena on Camden County Police Department and a corresponding Notice to Produce on their counsel. At their request, we have extended their time to respond. However, that extension has past and we still do not have any of the records requested.

Respectfully,

*Beth G. Baldinger*

BETH G. BALDINGER

cc: All Counsel of Record (Via ECF Only)

BGB:
I:\BGB\Ingram\Sanchez - Request conference re Pre Trial Issues 1-26-22.docx