# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

William F. Cook, Esq.
wcook@brownconnery.com

February 10, 2022

**Via Electronic Filing**

**Honorable Juan R. Sánchez, Chief Judge**
14613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Courtroom 14B

      Re:  **Xavier Ingram v. Camden County, et al.**
           **D.N.J. Docket No. 14-cv-5519 (JRS-KMW) (Camden Vicinage)**
           **Our File No. 14-0712**

Dear Chief Judge Sánchez:

      This office represents Defendants Camden County, Camden County Police Department, John Scott Thomson, and Nicholas Marchiafava in this matter. Please accept this letter brief in lieu of a more formal application in reference to certain exhibits that Plaintiff has recently proposed for Defendants' police practices expert, John Ryan. Specifically, these exhibits relate to allegations while Mr. Ryan was employed by the Providence, Rhode Island Police Department. These allegations were thoroughly discredited years ago and are wholly meritless. Such allegations have been routinely excluded by other courts where Mr. Ryan has testified as an expert. Accordingly, it is respectfully requested that this Court exclude this evidence as highly inflammatory and prejudicial.[1]

## BACKGROUND

      This action concerns the arrest of Plaintiff Xavier Ingram on June 12, 2014 on weapons and other charges. Plaintiff alleges that officers Nicholas Marchiafava, Jeremy Merck, and Antonio Gennetta used excessive force in the course of the arrest and failed to provide medical assistance. Defendants deny these allegations and assert that their actions were constitutional and proper. Defendants further assert qualified immunity and other immunities. Trial in this matter is presently scheduled for February 28, 2022.

---

[1] Defendants have filed this letter brief in order to bring this issue to the Court's attention on an expedited basis. Defendants will, of course, file a formal motion if deemed necessary by the Court.

**BROWN & CONNERY, LLP**

February 10, 2022
Page 2

Ryan is a long-time nationally-recognized expert in the field of police practices (Defs. Ex. D-1, Curriculum Vitae of John Ryan; Defs. Ex. D-2, List of Publications; and Defs. Ex. D-3, Schedule of Speaking and Training).[2]  Ryan has been admitted and testified in courts across the country, including the state and federal courts of New Jersey.  He is a police practices consultant, trainer, and auditor, a prolific author, a retired police officer and police executive, and a professor.  A review of his extensive background and experience shows his eminent qualifications in this field.

On December 29, 2021, the Court substantially denied Plaintiff's motion to exclude Mr. Ryan as a police practices expert in this matter (ECF No. 359).  The Court ruled that Mr. Ryan shall not testify to legal conclusions or make any credibility or state of mind determinations (id.).  The balance of Plaintiff's motion was denied (id.).

Ryan worked as a police officer for the Providence Police Department from 1982 until 2002 (Defs. Ex. D-1, at 1).  He started his career as a Patrol Officer in the Patrol Division, and was later assigned to the Tactical Division (id.).  Ryan also worked as a Detective for a year (id.).  In 1988, Ryan became a Sergeant in the Patrol Division, and was thereafter promoted to Lieutenant, Patrol Division in 1992 (id.).  Starting in 1995 and continuing until 2001, Ryan held a number of different positions including Captain of the Administrative Staff Division, Director of Training, Department Public Information Officer, and Director of Administration (id.).  From 2001 until his retirement in 2002, Ryan focused on researching and drafting department policy (id.).  He has since worked at the state and national levels as a widely-respected expert in the field of police practices (Ex. D-1).

## ARGUMENT

### I. Legal Standards

Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules."  United States v. Abel, 469 U.S. 45, 54 (1984).  Federal Rule of Evidence 402 further provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court," while "[i]rrelevant evidence is not admissible."

Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

---

[2] Defendants' Exhibits are attached to the Certification of William F. Cook, Esq., submitted herewith.

**BROWN & CONNERY, LLP**

February 10, 2022
Page 3

cumulative evidence." Fed. R. Evid. 403; Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). "Rule 403 necessarily requires that the District Court engage in balancing to determine whether the probative value of the evidence is 'substantially outweighed' by the negative factors listed in Rule 403." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 (3d Cir. 2002). "In balancing, the proper equation places on one side the maximum reasonable probative force for the offered evidence, while the other side of the equation should include the likely prejudicial impact of the evidence." Id. (internal quotation marks and citation omitted).

II. **Evidence, Testimony, And Argument Regarding Any Alleged Investigation Of, Or Misconduct By, John Ryan While Employed By The Providence, Rhode Island Police Department Should Not Be Permitted At Trial**

It is anticipated that Plaintiff may attempt to introduce evidence, testimony, or argument at trial regarding allegations that Ryan was involved in a scheme within the Providence Police Department in which applicants for promotion were supplied with source materials for written examinations. Specifically, during the exchange of exhibits for trial[3], Plaintiff identified, for the first time, a number of documents that he intends to use at the time of trial, including court decisions and other materials discussing corruption within the municipal government of the City of Providence, Rhode Island, that refer or relate to the testing scandal and various investigations. Plaintiff would presumably use this evidence in an attempt to discredit Ryan.

The evidence that Plaintiff intends to use against Ryan at the time of trial is completely irrelevant, inflammatory, and unduly prejudicial. As the Supreme Court of Rhode Island has recognized, "***Ryan neither was charged with any criminal wrongdoing, nor admitted any involvement in the scheme***". Ryan v. City of Providence, 11 A.3d 68, 69 (R.I. 2011) (emphasis added). There was ***no*** official action, reprimand, or finding against Ryan related to these issues or any other alleged wrongdoing or misconduct. These unfounded and unsubstantiated allegations against Ryan do not have any tendency to make a fact more or less probable than it would be without allegation, and they are of no consequence in determining this action.[4]

Furthermore, the evidence would lead to undue prejudice and the unnecessary consumption of time. Ryan was never charged with or convicted of any crime, and the incidents in question occurred more than twenty (20) years ago. The only purpose of Plaintiff's anticipated line of questioning is to attack and discredit Ryan. The evidence also risks confusing the issues and distracting the jury's attention from the serious issues involved in this case. If Plaintiff is allowed to present this evidence at trial, Defendants will be forced to spend valuable time explaining why the allegations against Ryan are unfounded and unsubstantiated.

---

[3]   These exhibits were produced long after the deadline for motions *in limine*, and thus these issues were not the subject of that motion.

[4]   As one attorney argued in Meir v. McCormick, which is discussed more fully below, "***Mere allegations and an investigation, especially if you know anything about Rhode Island politics, they're not even uncommon***." (Ex. D-6, Excerpt Transcript from Jury Trial, dated August 15, 2007, at 89:4-6) (emphasis added).

**BROWN & CONNERY, LLP**

February 10, 2022
Page 4

      Other federal courts have ***completely excluded*** evidence, testimony, and argument regarding any alleged investigation of, or misconduct by, Ryan while employed by the Providence Police Department. Specifically:

- In M.H. v. Cty. of Alameda, the plaintiffs filed a motion *in limine* seeking "an order excluding any and all evidence, references to evidence, testimony, comment, or argument from Defendants and their experts concerning alleged investigation of, or misconduct by, Plaintiffs' police practices expert, John 'Jack' Ryan, while he was employed by the Providence, Rhode Island Police Department." No. 11-cv-02868, 2015 WL 894758, at *4 (N.D. Cal. Jan. 2, 2015) (attached as Ex. D-4). In granting the plaintiffs' motion, the district court held that the "evidence has little to no relevance and would lead to undue prejudice and the unnecessary consumption of time." Id.

- In Williams-Carney v. City of Philadelphia, No. 2:12-cv-04029, Judge Savage of the Eastern District of Pennsylvania granted "Defendants' Motion in Limine to Exclude Testimony (Document No. 42) regarding allegations made against defense expert Jack Ryan while he was employed by the Providence Police Department". (Ex. D-5, Order Granting Motion, dated June 19, 2013).

- In Meir v. McCormick, No. 06-190, the district court barred inquiry related to an investigation into Ryan for alleged dishonesty because there was no "adjudication determining guilt or blame of any sort" and the inquiry was "clearly… a collateral matter to the issues that the jury has in front of them." (Ex. D-6, Excerpt Transcript from Jury Trial, dated August 15, 2007, at 89:17-90:11). The court concluded: "I find [the inquiry] to be collateral and any probative value of the testimony is minimal and I don't think it will help the jury's understanding of the serious issues involved in this case." (Id.) The same result is warranted in the instant action.

      For all of the reasons set forth above, the Court should exclude this evidence, just as multiple other courts (including the Eastern District of Pennsylvania) have done.

      Finally, Defendants did not know on or before May 8, 2020—the deadline to file pretrial motions—that Plaintiff intended to use evidence at trial related to Ryan's employment with the Providence Police Department in an attempt to discredit Ryan's testimony. Accordingly, Defendants could not have filed this application by May 8, 2020 because the issue was not ripe at that time.

7FU7824

**BROWN & CONNERY, LLP**

February 10, 2022
Page 5

### CONCLUSION

For these reasons, Plaintiff should be barred from presenting evidence, testimony, or argument regarding alleged investigation of, or misconduct by, Ryan while employed by the Providence, Rhode Island Police Department.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**BROWN & CONNERY, LLP**

*William F. Cook*

William F. Cook

WFC/asb
Enclosures
cc:  Counsel of Record (*via electronic filing only*)

7FU7824