**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XAVIER INGRAM,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF CAMDEN, CAMDEN COUNTY POLICE DEPARTMENT, JEREMY MERCK, ANTONIO GENNETTA, NICHOLAS MARCHIAFAVA, JOHN SCOTT THOMSON, ORLANDO CUEVAS, JOHN DOE(S) 1-50, and ABC ENTITIES 1-10,<br><br>　　　　Defendants. | CIVIL ACTION NO. 14-5519- JRS-AMD<br><br><br>**STIPULATION AS TO MEDICAID LIEN** |

**IT IS HERBEY STIPULATED AND AGREED** by and between the attorneys for the respective parties, Beth G. Baldinger, Mazie Slater Katz & Freeman, LLC for plaintiff Xavier Ingram; William Cook, Brown & Connery, LLP for defendants County of Camden, Camden County Police Department, John Scott Thomson, and Nicholas Marchiafava; Jay Blumberg, Esq., Blumberg & Wok, LLC for Jeremy Merck; and Dean Wittman, Zeller & Wieliczko, LLP for Antonio Gennetta, that with regard to plaintiff's claim for past medical expenses being those incurred and paid for by Medicaid from the date of the subject incident of June 12, 2014 through the date of entry of final judgment:

1. At trial, the trial judge shall instruct the jury that they are not to consider plaintiff's claim for past medical expenses in their review of this matter. (The specific language of that instruction to be worked out by counsel and the trial judge).

2. In the event that the jury returns a verdict for plaintiff Xavier Ingram on any claim for liability and awards damages as against any defendant(s) he will be entitled to recover damages for past medical expenses and the Court will mold the final judgment to include the finalized amount of the Medicaid lien.

3. As defendants stipulate that the amount of the Medicaid lien as of the time of final judgment will be the award for past medical expenses, plaintiff will not be required to introduce any evidence as to the amount of the plaintiff's past medical bills, nor any evidence as to the medical necessity and reasonableness of those bills. Nor shall Plaintiff suggest to the jury at trial that he has borne any financial responsibility for any medical bills, or that he is seeking recovery of same.

4. Nothing in this stipulation shall constitute any admission that Plaintiff is a prevailing party for purposes of any fee application. Nothing in this stipulation shall be construed to convert Plaintiff from a party who is not entitled to attorney's fees (based on the jury's verdict) to a party for whom fees are recoverable.

5. It is further stipulated and understood that Defendants will bear no financial responsibility for past medical expenses which are not addressed in the Medicaid lien, or which may be the subject of any other liens which have not been previously identified or disclosed.

6. Nothing in this stipulation shall be construed to constitute a waiver of any post-trial or appellate arguments seeking to set aside the jury verdict, any arguments in support of a motion for new trial, any arguments for remittitur, or any other such arguments.

*We hereby consent to the form and
Entry of this Stipulation*

**MAZIE SLATER KATZ & FREEMAN, LLC**
*Attorneys for Plaintiff*

_____
BETH G. BALDINGER, ESQ.

Dated: 02 / 18 / 2022

**BROWN & CONNERY, LLP**
*Attorneys for Defendants County of Camden, Camden County Police Department, John Scott Thomson and Nicholas Marchiafava*

_____
WILLIAM F. COOK, ESQ.

Dated: 02 / 17 / 2022

**BLUMBERG & WOLK, LLC**
*Attorneys for Defendant Jeremy Merck*

_____
JAY J. BLUMBERG, ESQ.

Dated: 02 / 18 / 2022

**ZELLER & WIELICZKO, LLP**
*Attorneys for Defendant Gennetta*

_____
DEAN R. WITTMAN, ESQ.

Dated: 02 / 17 / 2022

Doc ID: bd056e8b41f0644c040efb482b7885c6f504abc4