# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

**Writer's Direct Dial & Email:**
**973-228-0413**
**crothbort@mazieslater.com**

February 26, 2022

**VIA ECF ONLY**
Honorable Juan R. Sanchez, U.S.C.J.
United States District Court, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
Room 14613
Philadelphia, Pennsylvania 19106-1797

> Re:   **Xavier Ingram v. County of Camden, et al.**
>         **Civil Action No.: 1:14-cv-05519**

Dear Judge Sanchez:

In anticipation of trial, Plaintiff writes to address various issues which remain.

## TRIAL SCHEDULE

Upon conferring with counsel, we write to ask Your Honor about our proposed plan for this coming week to ensure that it meets with the Court's approval. An email was sent to Stacy Wertz late-Friday after counsel conferred with regards to the following.

Monday will be jury selection and pre-trial charge.  We also expect to have several items to be addressed Your Honor on Monday, including any remaining issues on testimony read-ins that could not be resolved, as well as any issues as to the parties' openings to be addressed after the jury is empaneled and discharged for the day.

Tuesday we propose to start with opening statements and then plaintiff will proceed with witnesses, including at least one expert Tuesday afternoon.  Plaintiff has scheduled two expert witnesses for Wednesday.

Please be so kind as to advise if this proposal is satisfactory. If not, we will adjust our schedule accordingly.

Honorable Juan R. Sanchez, U.S.C.J.
February 26, 2022
Page 2

## PUNITIVE DAMAGES

Plaintiff hereby advises the Court and all parties that Plaintiff is withdrawing all claims for punitive damages.

## INTERNAL AFFAIRS MATERIALS

During discovery, Defendant Camden County Police Department ("CCPD") was compelled by the Court to produce complete Internal Affairs files falling within certain parameters. It has come to our attention that certain Internal Affairs files produced were not produced in their entirety despite CCPD's representations to the contrary. We have placed Defendants on notice of those files for which materials are missing without explanation. It was our understanding CCPD would produce these missing materials, but, despite our repeated requests, have refused to do so. Accordingly, we respectfully request appropriate sanctions be imposed against Defendant CCPD, including an adverse inference charge to the jury and any other appropriate sanctions.

## CCPD AND COUNTY-GENERATED DOCUMENTS

Currently, Defendants have stipulated to the authenticity of CCPD-generated documents but will not stipulate to the authenticity of any County-generated documents. Furthermore, Defendants will not stipulate that CCPD- and/or County-generated documents are business records, public records or otherwise not barred by the Rule of Hearsay As a consequence of the foregoing, Plaintiff will be forced to call additional witnesses at trial to authenticate County documents (but not CCPD documents) and to establish foundational requirements for the admissibility of CCPD- and County-generated documents. The following history outlines Plaintiff's attempts to resolve this matter without the need for judicial intervention.

At the January 31, 2022 meet and confer between the parties, with respect to documents generated by Defendant CCPD and the County of Camden, Defendants took the position that they will not stipulate to authenticity or that these documents are business records, public records or otherwise not barred by the Rule of Hearsay. This, despite Defendant CCPD and the County of Camden having produced their own business records and having certified to them in the course of discovery. Rather, Defendants advised that Plaintiff must call separate witnesses at trial to authenticate and admit into evidence their own documents. Unfortunately, this position will waste the time of the Court and jurors. Accordingly, in an effort to reduce trial time by narrowing the issues and witnesses at trial, we served Defendants with Plaintiff's First Set of Requests for Admissions on February 1, 2022 (attached hereto as "Exhibit A")[1] which ask Defendants to admit to the authenticity of CCPD and County documents and that these documents satisfy the criteria for a business record set forth by Federal Rule of Evidence 803(6) and satisfy the criteria for a public record set forth by Federal Rule of Evidence 803(8). We also advised Defendants that should Plaintiff be forced to call the Defendants' witnesses to attest to the authenticity and other conditions for admission of Defendants' own documents, Defendants must notify Plaintiff's counsel of those persons authorized by the County and CCPD to testify with regards to those

---

[1]     Affixed to Plaintiff's First Set of Requests for Admissions is an Exhibit "A" containing information that has been designated as Confidential and is therefore not included on this submission. However, a copy can be supplied to the Court upon request.

Honorable Juan R. Sanchez, U.S.C.J.
February 26, 2022
Page 3

documents and to provide the name(s) of the Custodian of Records for CCPD and County of Camden.

By letter dated February 10, 2020 (A true copy of this letter is attached hereto as Exhibit "B"), William F. Cook, Esq., counsel for Defendants CCPD, County of Camden, Marchiafava and Chief Thomson refused to stipulate to all but 13 documents and responded as follows:

> . . . Plaintiff's attempt to send new Requests for Admission at this time is without basis. Defendants will not agree to any such process for Requests for Admission. Defendants will not stipulate to the adjustment of any time frames. Please allow this to confirm that Defendants object to these Requests for Admission in their entirety.

Mr. Cook's response furthermore omits any information requested as to Custodians of Record for the CCPD and the County. We have not received any response to Plaintiff's Requests for Admission from counsel for Defendant Merck or Defendant Gennetta.

In response to Mr. Cook's letter, by letter dated February 10, 2022, Plaintiff advised that should Defendants fail to respond to the Requests for Admission within thirty (30) day service of these Requests (March 3, 2022) or as otherwise stipulated to or by Court Order, we will apply to the Court to deem these requests admitted pursuant to Federal Rule of Civil Procedure 36(a)(3) (A true copy of this letter is attached hereto as Exhibit "C"). Furthermore, we enclosed trial subpoenas directed to the Custodian of Records for CCPD and County of Camden and asked Mr. Cook to confirm that he will accept service of these subpoenas. When Mr. Cook declined to do accept service, we effectuated personal service upon the Custodian of Records for CCPD and County of Camden.

After effectuating service of trial subpoenas upon the Custodians of Records, Mr. Cook agreed to stipulate to the authenticity of CCPD-generated documents. However, Defendants have not agreed to stipulate to the authenticity of any County-generated documents nor have Defendants agreed that they will waive any Hearsay objections to CCPD and County-generated documents. And they still have not responded to Plaintiff's Requests for Admission which seeks to resolve any Hearsay issues.

As a consequence of the foregoing, Plaintiff will be forced to call additional witnesses at trial to authenticate County documents (but not CCPD documents) and to establish foundational requirements for the admissibility of CCPD- and County-generated documents. Therefore, by February 25, 2022 email we requested that the Defendants have a Custodian of Records for the CCPD and the County present at every day of trial during Plaintiff's case. (A copy of this email is attached hereto as Exhibit "D"). We have asked Mr. Cook to confirm that Custodians of Records will be present and await his response.

In sum, Defendants have – without justification – refused to respond to Plaintiff's First Set of Requests for Admission. **Accordingly, to narrow the issues and witnesses at trial, it is respectfully requested that the Court deem Plaintiff's First Set of Requests for Admission to be admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). This is the precise purpose of Requests for Admissions as contemplated by Federal Rule of Civil Procedure 36.**

Honorable Juan R. Sanchez, U.S.C.J.
February 26, 2022
Page 4

## DEFENDANT-OFFICERS EMPLOYMENT RECORDS

Defendant Merck has filed a motion to Quash Plaintiff's subpoena directed to the CCPD and for a Protective Order as to Plaintiff's Notice to Produce which seek updated employment documentation as to the Defendant-Officers which remains outstanding (D.E. 367). The Court heard argument on this motion during the February 9, 2022 call with counsel. As confirmed by letter dated February 15, 2022 (A trued copy of this letter is attached hereto as Exhibit "E"), Plaintiff agreed to withdraw our requests and subpoena conditioned on receipt of the following:

1. A sworn certification as to the date of Defendant Merck's separation from Camden County Police Department ("CCPD") and that he resigned in good standing for reasons unrelated to this matter; and

2. Confirmation that Defendants will not introduce any evidence at trial, including testimony by Defendant Merck or others, concerning the reason for Defendant Merck's separation from the CCPD.

3. A sworn certification that Defendants Marchiafava and/or Gennetta remain employed by the CCPD and identification of the officer(s)' current rank and assignment; or

4. A sworn certification as to the date of Defendant Marchiafava and/or Gennetta separation from Camden County Police Department ("CCPD") and that Defendant Marchiafava and/or Gennetta resigned in good standing for reasons unrelated to this matter. Defendants must also confirm that Defendants will not introduce any evidence at trial, including testimony by Defendants Marchiafava and/or Gennetta or others, of the reason for Defendant Marchiafava and/or Gennetta's separation from the CCPD.

In response, by February 21, 2022 email (A true of this email is attached hereto as Exhibit "F"), Jay Blumberg, Esq., counsel for Defendant Merck stated:

> [I]t appears to me that the certification you seek should come from the Camden County Police Department.  However, you can consider this as confirmation that no evidence will be adduced concerning the reason for Merck's separation from the CCPD.  However, if the issue arises we have to be able to testify that he resigned in good standing for reasons unrelated to this matter.

To date, CCPD has not provided any certifications as requested. Defendant Gennetta's counsel has confirmed that his client remains employed with CCPD and advised of his current assignment. Accordingly, our efforts to resolve this matter amicably have been unsuccessful. **Therefore, it is respectfully requested that Defendant Merck's motion (D.E. 367) be denied and that the CCPD and County of Camden be compelled to produce current employment information for Defendants Merck, Marchiafava and Gennetta as requested within Plaintiff's Third Notice to Produce January 3, 2022 and Subpoena to Camden County Police Department.**

Honorable Juan R. Sanchez, U.S.C.J.
February 26, 2022
Page 5

Respectfully,

**MAZIE SLATER KATZ & FREEMAN, LLC**

CORY J. ROTHBORT

cc:      All Counsel of Record (Via ECF Only)

CJR/Enc.
I:\BGB\Ingram\Sanchez ltr trial issues 2-26-22.docx

# EXHIBIT

# A

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

**Writer's Direct Dial & Email:**
**973-228-0413**
**crothbort@mazieslater.com**

February 1, 2022

**Via E-Mail & Lawyers Service**
William F. Cook, Esq.
Brown & Connery, LLP
360 Haddon Avenue, P.O. Box 539
Westmont, New Jersey 08108

Jay J. Blumberg, Esq.
Blumberg & Wolk, LLC
158 Delaware Street, P.O. Box 68
Woodbury, New Jersey 08096

Dean R. Wittman, Esq.
Zeller & Wieliczko, LLP
120 Haddontowne Court
Cherry Hill, New Jersey 08034

RE:     **Xavier Ingram v. County of Camden, et al.**
         **Docket No. 14-cv-5519**

Dear Counselors:

This letter will serve to confirm the parties' meet and confer on Zoom yesterday which was attended by Mr. Wittman, Mr. Cook, Ms. Minix (of Mr. Cook's office), Ms. Baldinger and myself. Specifically, the discussions focused on whether the parties will stipulate to the authenticity and admissibility[1] of certain exhibits for use at time of trial. This letter will memorialize that Mr. Cook and Mr. Wittman – on behalf of your respective clients – stipulated to the admissibility of the following exhibits (pending confirmation from Mr. Blumberg that he too will stipulate to admissibility) and that Plaintiff likewise stipulated to admissibility:

1. 8(A) – Complaints – Warrants
2. 8(B) – Complaints – Warrants (Divito-8)

---

[1]     Any agreement concerning admissibility is subject to the Court's ruling with respect to the outstanding motions *in limine*, e.g weapon or drugs evidence.

Defense Counsel
February 1, 2022
Page 2

3.  10 – CAD Ticket No. 1406124638 (Marchiafava-4)
4.  24(A) – Evidence and Property Inventory, Chain of Custody and Testing
    Documents (Machiafava-13)
5.  24(B) – LIMS (6-12-14) (DIVITO-10)
6.  24(C) – CCPO Chain of Custody Log
7.  32(A) – CCPO – Supp. Investigative Report (Cintron-9)
8.  32(B) – 73 Scene Photographs – Supp. Inv. Report
9.  54(A) – Abstract of Driver History Record
10. 54(B) – NJ Automated Traffic System – Ticket Inquiry
11. 111(A) – Use of Force (1-28-13) (Marchiafava-15)
12. 111(C) – Use of Force (6-16-14)
13. 111(D) – Use of Force (9-24-14)
14. 112 – Attorney General's Use of Force with Use of Force Report Form (7/01)
    (2000)
15. 118(A) – Attorney General's Internal Affairs Manual (9-2011)
16. 118(B) – Attorney General's Internal Affairs Manual (7-2014) (Cintron-3)

**Mr. Blumberg - please provide written confirmation that you are willing to stipulate to the admissibility of the above exhibits.**

With respect to the additional CCPD Policies and Procedures, marked in Folder No. 18 (Exhibit Nos. 81 through 121), Defendants will not stipulate to admissibility on the basis of relevancy but will stipulate to (1) authenticity; and (2) that Defendants will not object to admissibility on the basis of hearsay.

Despite Defendant CCPD and the County of Camden having produced their own business records and having certified to them in the course of discovery, Defendants now take the position that they will not stipulate to authenticity or that these documents are business records, public records or otherwise not barred by the Rule of Hearsay. This position stands with regards to those exhibits actually discussed which includes the following:

1.  Folder No. 1 (Exhibits 1 through 9) - Police Reports (Ingram)
2.  Folder No. 2 (Exhibits 11 through 18) – Internal Affairs Statements (Ingram)
3.  Folder No. 3 (Exhibits 19 through 23) – Internal Affairs Statements (Dickerson)
4.  Folder No. 6 (Exhibit 27) – Evidence Preservation
5.  Folder No. 7 (Exhibits 28(A-C)) – CCPD-CCPO Press Releases
6.  Folder No. 8 (Exhibits 29(A-U)) – CCPD E-Mails (Ingram)
7.  Folder No. 9 (Exhibits 30-38) – CCPO IA Investigation (Ingram)
8.  Folder No. 10 (Exhibits 39-48) – CCPD Internal Affairs Investigation (Ingram)
9.  Folder No. 11 (Exhibits 49-51) – State v. Ingram
10. Folder No. 13 (Exhibit 53) – Ambulance Report
11. Folder No. 15 (Exhibits 55(A-C) – Exceptional Performance Notices
12. Folder No. 17 (Exhibits 63 through 80) – IA Investigation – CCPO & CCPD
    (Dickerson)

Rather, Defendants have advised that Plaintiff must call separate witnesses at trial to authenticate and admit into evidence their own documents. Unfortunately, this position will waste the time of the Court and jurors and will be addressed before Judge Sanchez. Accordingly, in an effort to

Defense Counsel
February 1, 2022
Page 3

reduce trial time by narrowing the issues and witnesses at trial, we are serving Defendants with Plaintiff's First Set of Requests for Admission, as enclosed. Should Defendants alter their position and stipulate to admissibility of a document, we will withdraw our Request to Admit as to that document.

Moreover, because of the upcoming trial date, it is hereby requested that Defendants stipulate that the time-frame for Defendants to respond to Plaintiff's First Set of Requests for Admission be shortened pursuant to Federal Rule of Civil Procedure 36 and that responses be provided no later than February 18, 2022. Please be advised that if Defendants do not stipulate to this shortened time-frame we will request that the Court order such relief at the February 22, 2022 Final Pre-Trial Conference.

In the event Plaintiff is forced to call the Defendants' witnesses to attest to the authenticity and other conditions for admission of Defendants' own documents, Defendants must notify Plaintiff's counsel within 7 days of today's date of those persons authorized by the County and CCPD to testify with regards to those documents. Additionally, please provide the name(s) of the Custodian of Records for CCPD and County of Camden. Please provide a response no later than within 7 days of today's date.

Very truly yours,

CORY J. ROTHBORT

cc:     All Counsel of Record

CJR/Enc.
(I:\BGB\Ingram\Defense Counsel serve RFAs 2-1-22.docx)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

XAVIER INGRAM,

               Plaintiff,

   vs.

COUNTY OF CAMDEN,
CAMDEN COUNTY POLICE DEPARTMENT;
JEREMY MERCK;
ANTONIO GENNETTA;
NICHOLAS MARCHIAFAVA;
JOHN SCOTT THOMSON;
ORLANDO CUEVAS;
JOHN DOE(S) 1-50; ABC ENTITIES 1-10.

               Defendants.

CIVIL ACTION NO.: 1:14-CV-05519

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR ADMISSION
TO DEFENDANTS
COUNTY OF CAMDEN, CAMDEN
COUNTY POLICE DEPARTMENT,
JEREMY MERCK, ANTONIO
GENNETTA, NICHOLAS
MARCHIAFAVA AND JOHN SCOTT
THOMSON**

TO:    William F. Cook, Esq.
        Brown & Connery, LLP
        360 Haddon Avenue
        Westmont, New Jersey 08108
        *Attorneys for Defendants County of Camden, Camden County Police Department,*
        *Nicholas Marchiafava and John Scott Thomson*

        Jay J. Blumberg, Esq.
        Blumberg & Wolk, LLC
        158 Delaware Street, P.O. Box 68
        Woodbury, New Jersey 08096
        *Attorneys for Defendant Jeremy Merck*

        Dean R. Wittman, Esq.
        Zeller & Wieliczko, LLP
        120 Haddontowne Court
        Cherry Hill, New Jersey 08034
        *Attorneys for Defendant Antonio Gennetta*

     PLEASE TAKE NOTICE that the undersigned, as counsel for plaintiff, Xavier Ingram,

demands that defendants County of Camden, Camden County Police Department, Jeremy Merck,

Antonio Gennetta, Nicholas Marchiafava and John Scott Thomson, provide answers to the following Requests for Admissions within thirty (30) day service of these Requests or as otherwise stipulated to or by Court Order pursuant to Federal Rule of Civil Procedure 36.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff

By:  _____
CORY J. ROTHBORT

DATED:  February 1, 2022

## **INSTRUCTIONS**

The following instructions apply to each of the requests for admissions set forth herein,

A.  If you object to responding to any request, you must state all reasons to support your objection

B.  You must admit or deny each request or set forth in detail all of the reasons why you cannot truthfully admit or deny such request.

C.  A denial of any request must fairly meet the substance of the requested admission

D.  If some portion of a request is true and the remainder false, you must qualify, identify, and admit those portions that are true and qualify, identify, and deny those portions that are false.

E.  You may not respond to any request that you lack information or knowledge sufficient to respond unless you also state that you have made a reasonable inquiry into the matter and despite that inquiry you still lack information sufficient to admit or deny the request.

F.  You may not refuse to respond on the ground that you believe the matter requested presents a genuine issue for trial.

G.  If you fail to timely serve your responses to these requests, all of the Requests to which you have failed to respond shall be deemed admitted.

H.  If you fail to admit the truth of any matter requested herein and Defendant is required to prove and does prove the truth of such matter, you may be held liable for all costs incurred by defendants, including the costs of depositions and attorney's fees, which were expended to prove such matter.

I.  In interpreting the meaning of any request, plaintiff shall use the definitions below. If you have any questions as to interpretation or understanding of any request, Mazie Slater Katz & Freeman, LLC will be available to answer any such questions.

J.  The singular form of a word shall be construed as a plural, and the plural as the singular, as necessary, to bring within the scope of these requests all documents and responses which might otherwise be considered to be beyond their scope.

K.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of these requests all documents and responses which might otherwise be considered to be beyond their scope.

L.  The use of capital letters, lower case letters or quotation marks in these Requests for Admissions shall not be construed to limit the scope of any specific request contained herein.

3

M. All definitions and instructions referenced in Plaintiff's Requests for Admission, such as terms and phrases, in addition to those as defined herein should also be afforded their usual and customary meanings in the fields of police services, law enforcement and related fields.

N. The request for information is continuing in character and, therefore, requires supplemental responses and/or production by you of supplemental documents if other, further or different information is secured or available prior to the trial of the above identified proceeding.

O. Pursuant to Federal Rule of Civil Procedure 36(a)(2), all documents referenced herein have previously been furnished to you, including having been marked as exhibits for trial by Plaintiff (and identified by Exhibit Number within Exhibit "A" attached hereto). In the event you need a copy furnished, then you must advise Plaintiff and a copy will be supplied.

## **DEFINITIONS**

The following definitions apply to each of the requests for admissions set forth herein,

1.      "Merck" refers to defendant Jeremy Merck.

2.      "Gennetta" refers to defendant Antonio Gennetta.

3.      "Marchiafava" refers to defendant Marchiafava.

4.      "Chief Thomson" refers to defendant John Scott Thomson.

5.      "The County" refers to defendant County of Camden.

6.      "CCPD" refers to defendant Camden County Police Department

7.      The terms "document" or "documents" means and includes in its broadest sense all written, graphic, magnetic, computer, electronic or otherwise recorded information and data, including metadata, in any form (e.g. text, non-text, formatted, non-formatted, imaged or recorded), however produced or reproduced and whether or not now in existence, pertaining in any manner to the subject matter indicated, and includes without limiting the generality of the foregoing, all originals, copies, non-identical copies (or copies different from the originals due to

4

notes made on such copies, modifications or changes to the originals, or because of indications that such copies were sent to different individuals than the original or different for any other reason) and drafts of any and all of the following:  statements, reports, notes, memoranda, files, correspondence, cards, letters, forms, diaries, calendars, appointment books, telephone messages, schedules, agendas, itineraries, records, transcripts, computer printouts, recordings, memoranda of events, meetings, conferences, or telephone conversations, intra-office and interoffice communications and memoranda, e-mails, facsimile transmissions, purchase orders, ledgers, books of account, invoices, bills, expense records or expense reports, vouchers and financial statements or account records, checks, check stubs, general ledgers, calculations, journals, leases, receipts, statistics, surveys, feasibility studies, analysis summaries, studies, compilations, questionnaires, analysis, charts, rules, regulations, policies, procedures, administrative directives, guidelines, work plans, customs, practices, instructions; directions, policy books, submissions, applications, sketches, drawings, designs, maps, specifications, charts; resolutions, proposals, bids, prospectuses, licenses, certificates, authorizations; meeting minutes, minutes of any public proceeding, voting records; resolutions or official adoptions, edicts or promulgations; contracts; agreements, regulatory reports or filings, notebooks, publications, circulars, magazines, catalogues, pictures, photographs, videotapes, films, motion pictures, recordings of any type, video, radio, audio or other recordings, microfiche, microfilm, cassettes, discs, and any other data compilations of any kind capable of being read, heard or otherwise understood,  computer printouts, computer discs, computer tapes, computer data, computer memory, reports, supplemental reports, investigative reports, evidence records, testing or analysis records or reports, affidavits, sworn statements, testimony (recorded or reported in any form), declarations; transcripts, stenographic or handwritten notes, press releases, resumes, inter-office and intra-

office communications, and any other items, regardless of form or format  that are known to you or that can be located or discovered by reasonable diligent efforts in accordance with Rule 34 of the Federal Rules of Civil Procedure.

8.      The term "all" means "any and all," the term "any" means "any and all" and the term "each" means "all and each."

9.      The term "business record" refers to a document which meets the definition set forth by Federal Rule of Evidence 803(6), *Records of a Regularly Conducted Activity*.

10.     The term "public record" refers to a document which meets the definition set forth by Federal Rule of Evidence 803(8), *Public Records*.

## <u>REQUESTS FOR ADMISSION</u>

1. Admit that each document identified in Exhibit "A" is a true and authentic copy of the genuine original document.

2. Admit that each document identified in Exhibit "A" is a business record.

3. Admit that each document identified in Exhibit "A" is a public record.

4. Admit that all foundational requirements for the admission of each document identified in Exhibit "A" have been satisfied.

# EXHIBIT

# B

# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

William F. Cook, Esq.
wcook@brownconnery.com

February 10, 2022

**VIA EMAIL**

**Cory J. Rothbort, Esq.**
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068

> Re:   **Ingram v. County of Camden, et al.**
> **District of New Jersey Docket No. 14-cv-5519**
> **Our File No. 14-0712**

Dear Mr. Rothbort:

This letter responds to your February 1, 2022 letter regarding proposed stipulations, as well as Plaintiff's new Requests for Admission.

On behalf of Defendants Camden County, Thomson, and Marchiafava only, please note as follows:

1. We agree to stipulate to Exs. 8A, 8B, and 10.
2. We will await a ruling on the pending motions *in limine* as to Exs. 24A-C.
3. We agree to stipulate to Exs. 32A and B.
4. We agree to stipulate to Exs. 54A and B.
5. We agree to stipulate to 111A, C, and D.
6. We agree to stipulate to Ex. 112.
7. We agree to stipulate to Exs. 118A, B.

Please note further that our notes indicate that the parties agreed to stipulate to Exs. 116A and B, which are the Guardian Tracking Policy.

As to the remaining exhibits that you identified, please be advised that Defendants are under no legal duty to stipulate to any exhibits, nor can Defendants be compelled to do so. The records that you identify involve multiple evidential issues. Whether or not they are business records or public records does not control the analysis.

7FV0327

## BROWN & CONNERY, LLP

FEBRUARY 10, 2022
PAGE 2


      Finally, Plaintiff's attempt to send new Requests for Admission at this time is without basis.  Defendants will not agree to any such process for Requests for Admission.  Defendants will not stipulate to the adjustment of any time frames.  Please allow this to confirm that Defendants object to these Requests for Admission in their entirety.

      Thank you.

Very truly yours,

**BROWN & CONNERY, LLP**

*/s/ William F. Cook*
William F. Cook, Esquire

WFC/
cc:    Beth G. Baldinger, Esquire *(via email)*
       Jay Blumberg, Esquire *(via email)*
       Dean Wittman, Esquire *(via email)*
       William M. Tambussi, Esquire *(via email)*

2659222.v1

# EXHIBIT

# C

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

**Writer's Direct Dial & Email:**
**973-228-0413**
**crothbort@mazieslater.com**

February 10, 2022

**Via E-Mail**
William F. Cook, Esq.
Brown & Connery, LLP
360 Haddon Avenue, P.O. Box 539
Westmont, New Jersey 08108

RE:    **Xavier Ingram v. County of Camden, et al.**
       **Docket No. 14-cv-5519**

Dear Mr. Cook:

I am in receipt of your February 10, 2022 letter as enclosed and write in response. Therein, you advise that Defendants will not respond to Plaintiff's Requests for Admission served by letter of February 1, 2022 (as enclosed). Without any legal basis or explanation, you state,

> . . . Plaintiff's attempt to send new Requests for Admission at this time is without basis. Defendants will not agree to any such process for Requests for Admission. Defendants will not stipulate to the adjustment of any time frames. Please allow this to confirm that Defendants object to these Requests for Admission in their entirety.

While there may be no obligation to stipulate to the admissibility of any exhibits, there is an obligation to respond to Requests for Admission pursuant to Federal Rule of Civil Procedure 36. Plaintiff's requests are valid and have been properly served pursuant to Federal Rule of Civil Procedure 36 and there is no basis for your blanket objection. Should Defendants fail to respond to the Requests for Admission within thirty (30) day service of these Requests (March 3, 2022) or as otherwise stipulated to or by Court Order, we will apply to the Court to deem these requests admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

Defendants' refusal to stipulate to the authenticity and other conditions for admission of Defendants' own documents will result in wasting the time of the Court and jurors. Specifically, Defendants' refusal will necessitate Plaintiff calling the Defendants' witnesses at trial to attest to the authenticity and other conditions for admission of Defendants' own documents. We have attempted to resolve this issue amicability through the meet and confer we initiated and by

William F. Cook, Esq.
February 10, 2022
Page 2

requesting Defendants stipulate to the authenticity and other conditions for admission of Defendants' own documents. If necessary, we will raise this issue with the Court.

With respect to Exhibit Nos. 116(A) and (B), the Guardian Tracking Early Intervention Polices, Plaintiff agrees to stipulate to the admissibility of these documents.

Moreover, you ignore the request within my February 1, 2022 letter for Defendants to identify those persons authorized by the County and CCPD to testify with regards to those documents identified within Exhibit A to Plaintiff's Requests to Admit. You also fail to provide the name(s) of the Custodian of Records for CCPD and County of Camden. Again, a response is requested and if not received by tomorrow this issue will be brought to the Court's attention.

Furthermore, enclosed please find subpoenas directed to the Custodian of Records for the County and CCPD. By tomorrow, please advise whether you will accept service of same and if not then we will effectuate service on the County and CCPD.

Very truly yours,

CORY J. ROTHBORT

cc:     All Counsel of Record

CJR/Enc.
(I:\BGB\Ingram\Cook w subpoena for Custodian of Records 2-10-22.docx)

# EXHIBIT

# D

## Cory Rothbort

**From:** Cory Rothbort
**Sent:** Friday, February 25, 2022 6:54 AM
**To:** William Cook
**Cc:** Beth Baldinger; Jay Blumberg; Dean Wittman; William Tambussi
**Subject:** Ingram v. Camden County - Custodians of Record

Bill,

In light of Defendants steadfast refusal to admit that CCPD and County generated documents are business records and/or public records, we will require that a Custodian of Records from the CCPD and the County be available every day of trial during Plaintiff's case to testify. Please confirm that the appropriate individuals will be available

**Cory J. Rothbort, Esq.**

**Certified by the Supreme Court of New Jersey as a Civil Trial Attorney**

Mazie Slater Katz & Freeman, LLC

103 Eisenhower Parkway

Roseland, New Jersey 07068

tel  (973) 228-9898

fax (973) 228-0303

crothbort@mazieslater.com

www.mazieslater.com



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Mazie Slater Katz & Freeman, LLC (Tel: 973.228.9898) immediately and delete this message, along with any attachments, from your computer. Thank you.

# EXHIBIT

# E

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

**Writer's Direct Dial & Email:**
**973-228-0473**
crothbort@mazieslater.com

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

February 15, 2022

°Member of N.J. & N.Y. Bars

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

**VIA E-MAIL**
William F. Cook, Esq.
Brown & Connery, LLP
360 Haddon Avenue, P.O. Box 539
Westmont, New Jersey 08108

Jay J. Blumberg, Esq.
Blumberg & Wolk, LLC
158 Delaware Street, P.O. Box 68
Woodbury, New Jersey 08096

RE:   <u>Xavier Ingram v. County of Camden, et al.</u>
      <u>Docket No. 14-cv-5519</u>

Dear Mr. Cook & Mr. Blumberg:

As you recall, on January 3, 2022, written requests were propounded by Plaintiff by way of Third Notice to Produce and Subpoena to CCPD for updated employment information concerning Defendant-Officers Merck, Marchiafava and Gennetta. This letter will confirm that at the February 9, 2022 telephonic conference before Judge Sanchez, Plaintiff agreed to withdraw our requests as to Defendant-Merck conditioned on the following:

1. A sworn certification as to the date of Defendant Merck's separation from Camden County Police Department ("CCPD") and that he resigned in good standing for reasons unrelated to this matter; and

2. Confirmation that Defendants will not introduce any evidence at trial, including testimony by Defendant Merck or others, concerning the reason for Defendant Merck's separation from the CCPD.

Please provide the sworn certification and written confirmation and we will withdraw our requests as to Defendant Merck.

William F. Cook, Esq. and Jay J. Blumberg, Esq.
February 15, 2022
Page 2

Our requests concerning the present employment status of Defendants Marchiafava and Gennetta were not addressed at the February 9, 2022 telephonic conference before Judge Sanchez. Nonetheless, we will withdraw our requests as to these officers conditioned on Defendants providing the following:

1.  A sworn certification that Defendants Marchiafava and/or Gennetta remain employed by the CCPD and identification of the officer(s)' current rank and assignment; or

2.  A sworn certification as to the date of Defendant Marchiafava and/or Gennetta separation from Camden County Police Department ("CCPD") and that Defendant Marchiafava and/or Gennetta resigned in good standing for reasons unrelated to this matter. Defendants must also confirm that Defendants will not introduce any evidence at trial, including testimony by Defendants Marchiafava and/or Gennetta or others, of the reason for Defendant Marchiafava and/or Gennetta's separation from the CCPD.

Assuming that this information is provided, we will withdraw our requests as to Defendants Marchiafava and Gennetta and ask that Mr. Blumberg withdraw his motion to quash and for a Protective Order in its entirety.

Very truly yours,

CORY J. ROTHBORT

cc:     All Counsel of Record

CJR
(I:\BGB\Ingram\Cook & Blumberg defendant-officer employment records 2-15-22.docx)

# EXHIBIT

# F

**Cory Rothbort**

---

| | |
|---|---|
| **From:** | Jay Blumberg <jjblumberg@blumberglawoffices.com> |
| **Sent:** | Monday, February 21, 2022 1:25 PM |
| **To:** | Cory Rothbort; William Cook |
| **Cc:** | Dean Wittman; William Tambussi; Beth Baldinger; Trevor Dickson |
| **Subject:** | RE: Ingram v. Camden County |

Cory – it appears to me that the certification you seek should come from the Camden County Police Department.  However, you can consider this as confirmation that no evidence will be adduced concerning the reason for Merck's separation from the CCPD.  However, if the issue arises we have to be able to testify that he resigned in good standing for reasons unrelated to this matter.

---

**From:** Cory Rothbort <crothbort@mazieslater.com>
**Sent:** Monday, February 21, 2022 1:09 PM
**To:** Jay Blumberg <jjblumberg@blumberglawoffices.com>; William Cook <wcook@brownconnery.com>
**Cc:** Dean Wittman <dwittman@zwattorneys.com>; William Tambussi <wtambussi@brownconnery.com>; Beth Baldinger <bbaldinger@mazieslater.com>; Trevor Dickson <tdickson@mazieslater.com>
**Subject:** RE: Ingram v. Camden County

Jay and Bill,

I am following up on my February 15, 2022 letter (attached) concerning the employment records of Defendant-Officers. Please provide a response – we would like to inform the Court this matter has resolved at tomorrow's Pre-Trial Conference and that Mr. Blumberg's motion can be withdrawn

**Cory J. Rothbort, Esq.**
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
tel  (973) 228-9898
fax (973) 228-0303
crothbort@mazieslater.com
www.mazieslater.com



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Mazie Slater Katz & Freeman, LLC (Tel: 973.228.9898) immediately and delete this message, along with any attachments, from your computer. Thank you.

---

**From:** Cory Rothbort
**Sent:** Tuesday, February 15, 2022 3:54 PM
**To:** 'Jay Blumberg' (jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; William Cook <wcook@brownconnery.com>

**Cc:** Dean Wittman <dwittman@zwattorneys.com>; William Tambussi <wtambussi@brownconnery.com>; Beth Baldinger <bbaldinger@mazieslater.com>; Trevor Dickson <tdickson@mazieslater.com>
**Subject:** Ingram v. Camden County

Jay and Bill,

Please see the attached letter.

### Cory J. Rothbort, Esq.
**Certified by the Supreme Court of New Jersey as a Civil Trial Attorney**
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
tel  (973) 228-9898
fax (973) 228-0303
crothbort@mazieslater.com
www.mazieslater.com



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Mazie Slater Katz & Freeman, LLC (Tel: 973.228.9898) immediately and delete this message, along with any attachments, from your computer. Thank you.