# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes
———————
*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Writer's E-mail:
bbaldinger@mazieslater.com

March 25, 2022

Karen G. Kelsen°
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson
———————
°Member of N.J. & N.Y. Bars

Honorable Juan R. Sanchez, U.S.C.J.
United States District Court, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
Room 14613
Philadelphia, Pennsylvania 19106-1797

   Re: **Xavier Ingram v. County of Camden, et al.**
      **Civil Action No.: 1:14-cv-05519-JBS-KMW**

Dear Chief Judge Sanchez:

  Please accept this letter brief in support of Plaintiff Xavier Ingram's position that a partial verdict is permissible in this matter and, depending on the developments of jury deliberation, may indeed be warranted under these circumstances.

  District courts across jurisdictions have accepted partial verdicts in civil cases. *See, e.g.*, *Brown v. Doody*, No. 08 C 5711, 2014 U.S. Dist. LEXIS 195120 (N.D. Ill. Dec. 3, 2010); *Rosales v. Career Sys. Dev. Corp.*, No. 2:08-1383, 2010 U.S. Dist. LEXIS 115386, 2010 WL 4220503, at *1 (E.D. Cal. Oct. 20, 2010); *Bostron v. Apfel*, 104 F. Supp.2d 548, 549-50 (D. Md. 2000); *Herndon v. WM. A. Straub, Inc.*, 17 F. Supp. 2d 1056, 1058 (E.D. Mo. 1998); *Kane v. Oak Trust & Sav. Bank*, No. 93 C 1708, 1996 U.S. Dist. LEXIS 15558, 1996 WL 616557 (N.D. Ill. Oct. 21, 1996).  And **at least three circuit courts of appeals have held that entering a partial verdict is acceptable in civil proceedings**. *See Kerman v. City of New York*, 261 F.3d 229, 243 n.9 (2d Cir.

2001); *Bridges v. Chemrex Specialty Coatings, Inc.*, 704 F.2d 175, 180-81 (5th Cir. 1983); *Robertson Oil Co. v. Phillips Petroleum Co.*, 871 F.2d 1368, 1369, 1375 n.5 (8th Cir. 1989) (citing *Bridges*, 704 F.2d at 180).

The Seventh Circuit squarely decided this issue under similar factual circumstances. In *Sanchez v. City of Chicago*, a § 1983 case, the plaintiff appealed and claimed, among other things, the district court wrongfully accepted a partial verdict. 880 F.3d 349, 352 (7th Cir. 2018). There, the plaintiff argued that, because the claims against the officers "were tried together, they must be resolved together, and that there is no authority expressly allowing partial verdicts in civil cases." *Id.* at 360. "On appeal, [the plaintiff] argue[d] that the Federal Rules of Civil Procedure do not allow the acceptance of partial verdicts in civil cases." *Id.* The Seventh Circuit expressly rejected that argument, holding: "there is no unconditional bar to accepting partial verdicts in civil cases." *Id.* In reaching that conclusion, the Seventh Circuit determined:

> Though the Rules are silent and there is no binding authority in this circuit allowing partial verdicts in civil cases, there is authority from our sister circuits indicating support for accepting a jury's conclusions on some, but not all, issues raised at a trial. *See Kerman v. City of New York*, 261 F.3d 229, 242 n.9 (2d Cir. 2001); *Robertson Oil Co. v. Phillips Petroleum Co.*, 871 F.2d 1368, 1375 n.5 (8th Cir. 1989); *Bridges v. Chemrex Specialty Coatings, Inc.*, 704 F.2d 175, 180 (5th Cir. 1983). This is not surprising, given that the Civil Rules call for interpretations that "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Interpreting the Rules to allow partial verdicts accomplishes that goal. *See generally United States v. Cotter*, 60 F.2d 689, 690-91 (2d Cir. 1932) (Hand, J.) (observing in a criminal case that "the fate of all" should not "hang in the balance" where the jury "had concluded as to [some defendants] and wanted no more time"). Thus, we agree with the Second Circuit that, in the absence of authority directly proscribing partial verdicts in civil cases, "we believe that at the very least a trial judge, in the exercise of sound discretion, may follow such a course." *Kerman*, 261 F.3d at 242 n.9.
>
> Here, **the district court properly exercised its discretion in accepting the partial verdict. Indeed, it is hard to imagine a**

2

> **more textbook-ready scenario for when to accept a partial verdict than this case. The district court considered that accepting a verdict on the claims against Garcia would not risk an inconsistent verdict against Felix, as a finding concerning whether Garcia had probable cause to arrest Sanchez and whether Garcia used excessive force in making that arrest would have no effect on whether Felix used excessive force on Sanchez in the jail. The court also did not prematurely accept the partial verdict, accepting the verdict only after the jury indicated it had been deadlocked for quite some time. The district court was entitled to take the practical step of accepting a partial verdict and did not abuse its discretion in doing so.**

*Id.* at 360-61 (emphasis added).

The Federal Rules of Civil Procedure only require that a verdict be "unanimous." Fed. R. Civ. P. 48(b). As the Court in *Sanchez* determined, there is no categorical bar to a partial verdict and, as such, it is within this Court's discretion to accept a partial verdict from the jury where, if in the event the jury remain deadlocked and a partial verdict so would not produce inconsistent results but rather may provide finality.

Plaintiff respectfully requests that this Court, should the jury continue to be deadlocked, permit a partial verdict be rendered in the interests of justice and to secure a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

    Respectfully submitted,

    **MAZIE SLATER KATZ & FREEMAN, LLC**
    *Attorneys for Plaintiff*


    By: */s/ Beth G. Baldinger*
        BETH G. BALDINGER, ESQ.