IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| XAVIER INGRAM | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-5519 |
| | : | |
| COUNTY OF CAMDEN, et al. | : | |

## ORDER

AND NOW, this 18th day of April, 2022, upon consideration of Plaintiff Xavier Ingram's request for permission for counsel to speak with the juror who sent an unsolicited email offering to speak about the juror's observations from trial, it is ORDERED the request is DENIED.[1]

Plaintiff's counsel is DIRECTED to cease communication with the juror except to inform the juror of the Court's ruling and to provide a copy of this Order to that juror.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[1] This matter proceeded to a jury trial on February 28, 2022. After nearly four weeks of trial, the jury began deliberations on March 23, 2022. The jury informed the Court multiple times over the following days that it was unable to reach a unanimous verdict on several of Ingram's claims. Each time, the Court re-read portions of the deliberation instructions, encouraged the jurors to reach a consensus, and directed the jurors to continue their deliberations. On the fifth day of deliberations, the jury informed the Court it was hopelessly deadlocked and unable to reach a unanimous verdict on several counts. Seeing no prospect of a unanimous verdict, the Court declared a mistrial on March 29, 2022. Before dismissing the jurors, the Court explained:

> Now that you have been discharged, of course you may discuss the case with whomever you choose, although I suggest to you that you should not talk about the views of your fellow jurors in the jury room. We protect the secret deliberations of the jury by protecting those communications.

---

Tr. Vol. 21, March 29, 2022, 4242:15–18. With consent of counsel, the Court thanked the jurors for their service in the jury room. Counsel was not present for this discussion and the merits of the case were not discussed. The Court then dismissed the jurors.

On April 11, 2022, Plaintiff's counsel received an unsolicited email from one of the jurors indicating the juror and another juror wanted to speak with Plaintiff's counsel about their observations of the case. Plaintiff's counsel rightly decided to raise this email to the Court's attention before responding substantively to the jurors' offer. The Court held a teleconference on April 13, 2022, and Plaintiff's counsel provided a copy of the correspondence with the juror's name, juror number, and email address redacted. Defense counsel oppose this request and the parties now request a ruling from the Court.

The rules of this Court and the interests of fairness dictate any further communication with the juror would be inappropriate. The Local Rules provide,

> No attorney or party to an action shall personally or through any investigator or other person acting for such attorney or party, directly or indirectly interview, examine or question any juror, relative, friend or associate thereof *during the pendency of the trial* or *with respect to the deliberations or verdict* of the jury in any action, except on leave of Court granted upon good cause shown.

Loc. Civ. R. 47.1(e) (emphasis added). As the italicized portions of the rule make clear, this prohibition applies to communications that (1) are made during trial, or (2) relate to the jury's deliberations or verdict.

The Court finds no good cause to justify deviation from the clear mandates of Rule 47.1(e). On the contrary, the unusual posture of this case leads to the opposite conclusion. Even if this juror wishes to talk solely about his or her own personal impressions of the evidence and arguments—as opposed to the events that took place in the jury room—there is a substantial risk that the conversation will digress into such prohibited matters. This is an especially important consideration because this conversation would take place ex parte and outside of the Court's supervision. Because this case may go back to trial, this would be significantly prejudicial to the defense. If the Court were to allow Plaintiff's counsel to speak with this juror, it would only be fair to allow counsel for all parties to speak with any jurors who may contact them. Given the publicity this case has already received, this would create significant problems if and when the case goes back to trial.

Federal Rule of Evidence 606 also lends support. The Rule permits post-trial testimony from a juror regarding the validity of a verdict but expressly prohibits testimony as to the events that took place in the jury room during deliberations. Fed. R. Evid. 606 (prohibiting testimony as to "any statement made or incident that occurred during the jury's deliberations"). There are numerous reasons for this, but most importantly the rule seeks to protect the sanctity of jury deliberations. *See United States v. Lloyd*, 269 F.3d 228, 237 (3d Cir. 2001). Even when there is some doubt as to the legal validity of a jury verdict, the Federal Rules of Evidence nonetheless protect the secrecy of deliberations and impressions of fellow jurors. This issue is nearly identical to the one addressed by Judge Chesler in *Montone v. City of Jersey City*, No. 6-280, 2018 U.S. Dist. LEXIS 115183 (D.N.J. July 11, 2018). That case is distinguishable because the jury had returned a verdict, but the same conclusion is warranted here precisely because this case may go back to trial.

---

The Court's parting instructions to the jurors implied the jurors are free to speak with whomever they choose about the case. Nothing in this Order should be interpreted as limiting the jurors' ability to exercise their First Amendment rights in any way. The Court simply denies the request by the lawyers to speak with the jurors about the case while the possibility of a second trial exists. Plaintiff's counsel is directed to inform the juror of the Court's ruling, which prohibits the lawyers from accepting the juror's offer to speak. Plaintiff's counsel shall also provide a copy of this Order to the juror.