# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

**Writer's Direct Dial & Email:**
**973-228-0473**
**bbaldinger@mazieslater.com**

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

April 20, 2022

**VIA ECF**
Honorable Juan R. Sanchez, U.S.C.J.
United States District Court, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
Room 14613
Philadelphia, Pennsylvania 19106-1797

> Re:   Xavier Ingram v. County of Camden, et al.
>       Civil Action No.: 1:14-cv-05519

Dear Judge Sanchez:

We are in receipt of Defendants' opposition to Plaintiff Xavier Ingram's motion for reconsideration. *See* D.E. 486. Plaintiff respectfully requests oral argument on the pending motion and, likewise, requests that he be permitted to file a reply brief to address some of the inaccuracies presented in Defendants' opposition. *See* L. Civ. R. 7.1(d)(3).

This Court, in its discretion, can permit a party to file a reply brief that relates to the pending motion for reconsideration. *See* L. Civ. R. 7.1(d)(3) ("No reply papers shall be filed, **unless permitted by the Court**, relating to the following motions. . . Reconsideration under L.Civ.R. 7.1(i)") (emphasis added); *see also Ass'n of N.J. Chiropracters v. Aetna, Inc.*, 2014 WL 7409919, at *1 (D.N.J. Dec. 31, 2014) (accepting and considering a reply brief in support of a motion for reconsideration where the party requested leave to file a reply brief). First and foremost, Plaintiff

Honorable Juan R. Sanchez, U.S.C.J.
April 20, 2022
Page 2

should be afforded the opportunity to brief this issue adequately and comprehensively, a right that Plaintiff was deprived when Defendants filed an eleventh-hour motion to dismiss which this Court granted, on the eve of jury deliberations, the following day. In the interests of fairness and justice, Plaintiff should be permitted to file a reply brief, not only to preserve the record for any appeal that might occur, but also to ensure that this Court is provided with all the case law necessary to make an informed decision on this important issue. Next, Plaintiff wishes to clarify several mischaracterizations in Defendants' brief. For example, Defendants' claim that Plaintiff's contention is "that the officer had a duty under New Jersey law to make a specialized determination sooner." Defs.' Br. at 10, D.E. 486. Not so – Plaintiff's simply state the law as it is: "The police's duty of care to an arrestee requires the exercise of reasonable care to preserve the life, health, and safety of the person in custody." *Del Tufo v. Twp. of Old Bridge*, 147 N.J. 90, 101 (1996).[1]

Plaintiff respectfully submits that this Court should exercise its discretion to permit Plaintiff to file a reply brief in support of his motion for reconsideration to "secure a just determination. . . [and] fairness in [the] administration" of this matter. L. Civ. R. 1.1(b). Plaintiff also respectfully requests oral argument on the pending motion.

                                                Respectfully,
                                                **MAZIE SLATER KATZ & FREEMAN, LLC**

                                                */s/ Beth G. Baldinger*

                                                BETH G. BALDINGER

cc:    All Counsel of Record (Via ECF)

---

[1] Plaintiff does not intend for this letter to serve as its reply brief. Rather, if this Court grants Plaintiff's request, a separate brief will be filed.