THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XAVIER INGRAM,<br><br>   Plaintiff,<br> vs.<br><br>COUNTY OF CAMDEN, *et al.*,<br><br>   Defendants. | Civil Action No. 14-5519-JRS-PAC<br><br><br>Before: Hon. Juan R. Sanchez, U.S.D.J.<br><br>**Oral Argument Requested** |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**

Beth G. Baldinger, Esq.
David M. Freeman, Esq.
Trevor D. Dickson, Esq.
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: 973-228-9898
F: 973-228-0303
E: bbaldinger@mazieslater.com
*Attorneys for Plaintiff Xavier Ingram*

## LEGAL ARGUMENT

## POINT I

### PLAINTIFF SHOULD HAVE BEEN PERMITTED TO PURSUE HIS STATE LAW NEGLIGENCE CLAIMS

In attempting to refute Plaintiff's argument that he should have been permitted to pursue, and have they jury decide, both his §1983 claims and state law negligence claims, Defendants weakly argue that Plaintiff has not cited "to any situation where a jury was actually charged, at the close of evidence, on 'concurrent' federal and state law claims." Defs.' Br. at 10. However, legal research uncovers many examples of such cases including those in the Third Circuit. *See, e.g.*, *Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 164-65 (D.C. Cir. 2007) (A jury found in favor of the plaintiff on a § 1983 claim **and** a common law tort of negligence claim) (emphasis added); *Lam v. City of Los Banos*, 976 F.3d 986, 991 (9th Cir. 2020) ("The jury returned a verdict in [the plaintiff's] favor on his Fourth Amendment, Fourteenth Amendment, **and** state negligence and negligent infliction of emotional distress claims") (emphasis added); *Reed v. City of Modesto*, 122 F. Supp. 3d 967, 971 (E.D. Cal. 2015) ("The case was submitted to the jury on the questions of 42 U.S.C. § 1983 liability for excessive force in violation of the Fourth Amendment, negligence liability, and damages. The jury returned a verdict . . . in favor of Plaintiff Reed, finding Defendant Ziya used excessive force **and** was negligent") (emphasis added); *Simmons v. Philadelphia*, 728 F. Supp. 352, 353 (E.D. Pa. 1990) (Denying a motion for judgment notwithstanding the verdict where the jury returned a verdict in favor of the plaintiff finding the City "**liable to the plaintiff for violations of plaintiff's decedent's constitutional rights[] pursuant to 42 U.S.C. § 1983, and also finding the City negligent**," and also finding the police officer liable for negligence but "not liable under the plaintiff's 42 U.S.C. § 1983 constitutional claims."), *aff'd*, 947 F.2d 1042 (3d

Cir. 1991) (emphasis added). Thus, defendants' assertion is easily disproven and should be rejected out of hand.

In the Third Circuit, the Court in *Simmons* explained why state and federal claims can simultaneously be submitted to a jury. In that case, claims were brought against the City of Philadelphia and a police officer after a detainee hanged himself in his cell while in custody for public intoxication. 728 F. Supp. at 353. The jury returned a verdict finding the defendant-city liable **both** for violations of plaintiff's constitutional rights **and** for negligence. *Id.* Also, the jury found the defendant-officer negligent, but not liable under the plaintiff's § 1983 constitutional claims. *Id.* The defendants moved for a judgment notwithstanding the verdict arguing, among other things, that there were inconsistencies in the verdict sheet. *Id.* at 357. Then-District Judge Franklin Van Antwerpen rejected the defendants' argument making clear that both types of claims can be considered by the jury:

> We believe that this verdict is completely consistent with the facts presented at trial. **The jury could conclude that [the defendant-officer's] own actions were negligent, without rising to a constitutional standard of deliberate indifference**. There were sufficient facts to support the jury's verdict of negligence: i.e., [the defendant-officer's] inexact recordkeeping showed that he did not properly inspect or care for the decedent; he failed to recognize [the decedent's] physical and emotional state and exercise ordinary care; he failed immediately to remove flopping shoelaces or recognize what they portended; he rendered no assistance to the decedent despite his stupor, his rattling of the bars, and his unresponsiveness. He failed to provide any medical attention or telephone relatives concerning decedent's condition. [The defendant-officer] admitted at trial that he had no training regarding detection and prevention of suicides. Thus, **it was up to the jury to decide whether the officer's conduct amounted to negligence and/or rose to a level of deliberate indifference.** Here, the jury concluded that [the defendant-officer] himself was negligent.

*Id.* (emphasis added). *Simmons* leaves no doubt that, here, Plaintiff was entitled to simultaneously pursue and present federal and state law claims to the jury, and further demonstrates why this Court should reverse its prior decision to the contrary.[1]

Similarly, Defendants' argument that Plaintiff is limited to pursuing claims solely under federal law has been expressly rejected in this jurisdiction. In *Damiani v. West Deptford Township*, the plaintiff alleged that defendant-officers of the West Deptford Township Police Department removed her from her car without probable cause and used excessive and unnecessary force. 2008 WL 656041, at *1 (D.N.J. Mar. 7, 2008) (Certification of Beth G. Baldinger, Esq. ("Baldinger Cert."), Exh. "A"). The plaintiff asserted claims for violations of her federal constitutional rights under 42 U.S.C. § 1983, violations of her state constitutional rights under the New Jersey Civil Rights Act ("NJCRA"), and a state common law negligence claim. *Id.*

There, the defendants unsuccessfully argued – like Defendants in this matter – that the plaintiff's negligence claim should be dismissed because it was "not a recognized theory of liability under § 1983." *Id.* at *3; *see also* D.E. 436, at 1-2. Senior District Judge Joseph Irenas rejected that mischaracterization of the law, noting that the plaintiff – like Mr. Ingram – did not raise his "negligence claim as a part of a § 1983 action, but rather under New Jersey common law." *Id.* The issue then was "whether Plaintiff ha[d] sufficiently pled negligence under state law." *Id.*

---

[1] Plaintiff's counsel made this exact argument before this Court. Plaintiff's counsel, citing *Del Tufo*, contended that even if Plaintiff did not prevail in proving violations of his federal constitutional rights, he could still prevail under a negligence theory. *See* D.E. 443, Trial Transcript Dated March 22, 2022, at T.3708:9-3717:3 ("I think it's [a] very viable, appropriate, legal claim to assert, in the alternative, to the federal civil rights laws. And that if, for some reason, I don't prevail under federal civil rights, I still can prevail in this case under a negligence theory. And does it give me two bites of the apple? Yes. But there is nothing that prohibits me from seeking so on behalf of my client."); *see also* D.E. 474-1, at 12-13 (noting that *Rosario v. Union City Police Dep't*, 131 Fed. App'x. 785 (3d Cir. 2005) cited *Del Tufo* after a jury found the defendant-officers were negligent in providing medical care).

Judge Irenas answered that question in the affirmative, and refused to dismiss the plaintiff's state law claims. *Id.* at *4.

Circuit Judge Joseph Greenaway Jr., while sitting by designation, found *Damiani* "**instructive**." *Gattas v. City of Jersey City*, 2010 WL 892187, at *9 (D.N.J. Mar. 5, 2010) (emphasis added) (Baldinger Cert., Exh. "B"). There, the plaintiff alleged that the defendant-officer wrongfully demanded to see his motor vehicle documents. *Id.* at *2. Although the plaintiff agreed to produce the documentation, he asked the defendant-officer why he was compelled to do so. *Id.* The defendant-officer then became "enraged" and handcuffed the plaintiff. *Id.* The plaintiff then began to complain that the handcuffs were too tight, and that the defendant-officer was breaking his arms; the defendant-officer ignored these complaints. *Id.* The plaintiff asserted claims for violations of his federal constitutional rights, assault and battery, intentional infliction of emotional distress, and negligence claims against the defendant-officers and the defendant-city. *Id.* at *3. Judge Greenaway found that the evidence, "construed in the light most favorable to [p]laintiff[], creates a genuine issue of material fact regarding whether [the defendant-officer] **negligently used excessive force**." *Id.* at *10. He also found that the facts can be construed to show an absence of good faith under the New Jersey Tort Claims Act, N.J.S.A. 59:3-3. *Id.*

In *Roccisano v. Twp. of Franklin*, the defendant-officers arrived at the plaintiff's residence in response to a domestic violence dispute. 2013 WL 3654101, at *1 (D.N.J. July 12, 2013) (Baldinger Cert., Exh. "C"). Plaintiff, while behind the door of her residence, told the defendant-officers that she had gotten into an argument with her adult daughter and threw her out of the house without allowing her to retrieve some of her personal belongings. *Id.* The plaintiff alleged that as she attempted to close her door, one officer charged the door and threw her into the wall. *Id.* Once the plaintiff was handcuffed, she claims that the cuffs were too tight, but the officers ignored her

complaints. *Id.* She also claimed the officers dragged her down the hallway by her left arm and shoved her in the patrol car. *Id.* The plaintiff brought suit and asserted claims for violations of her federal constitutional rights under § 1983, as well as "state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and negligent supervision, inadequate training, and negligent hiring." *Id.* at *2.

District Judge Freda Wolfson noted:

> In addition to her § 1983 claim, Plaintiff alleges a state law claim for negligence against the Officers. Negligence involves a breach of a duty of care that causes injury. *Weinberg v. Dinger*, 106 N.J. 469, 484, 524 A.2d 366 (1987). Thus, to succeed on a negligence claim, a plaintiff must show: (1) a duty of care, (2) a breach of that duty, (3) causation, and (4) actual damages. *Id.* (citations omitted). **"The police's duty of care to an arrestee requires the exercise of reasonable care to preserve the life, health, and safety of the person in custody."** *Del Tufo v. Township of Old Bridge*, 147 N.J. 90, 101, 685 A.2d 1267 (1996).

*Id.* at *11 (emphasis added). Against that legal backdrop, Judge Wolfson found that with "**regard to duty, officers have a duty to act reasonably, and, in the context of effectuating an arrest, they have a duty to exercise 'reasonable care to preserve the life, health, and safety of the person in custody.'**" *Id.* (emphasis added) (quoting *Del Tufo*, 147 N.J. at 101). Judge Wolfson also found the defendant-officers' use of force, coupled with the fact that the plaintiff alleged she did not resist, created a triable issue of fact as to a breach of that duty. *Id.* Although Judge Wolfson found that the plaintiff did not present sufficient evidence as to proximate cause, her decision makes clear that plaintiff was permitted to bring a negligence claim for excessive force.

This case is directly applicable to the present matter. Here, Plaintiff asserted separate claims for negligence (Count VII) and negligent training, supervision, and promulgation of policies (Count VIII). Judge Wolfson's decision in *Roccisano* makes clear that to prove negligence against a police officer, a plaintiff only must show that the officer acted unreasonably in

6

effectuating an arrest, and failed to exercise "**reasonable care to preserve the life, health, and safety of the person in custody**." 2013 WL 3654101, at *11 (emphasis added) (quoting *Del Tufo*, 147 N.J. at 101).  Of critical import, just as Plaintiff submitted more than ample evidence to withstand and defeat Defendants' Rule 50 motion to dismiss the § 1983 claims, the same body of evidence amply supports Plaintiff's state law negligence claims, which should not have been dismissed on the eve of jury deliberations.

Most recently, in *K.J.P. v. Cnty. Of San Diego*, a jury in the Southern District of California awarded $85 million after finding **in favor of the plaintiff on an excessive force claim under § 1983, a failure to train claim under § 1983, and a negligence claim under state law**.  *See* Baldinger Cert., Exh. "D."  This verdict further shows that Defendants' contention that state law negligence claims cannot be presented concurrently with claims under § 1983 has no bearing in the case law.

To date, no opinion – either written or oral – has been issued by this Court stating the legal basis for depriving Plaintiff, on the eve of jury deliberations, the right to proceed with his state law negligence claims.  Regardless, this Court's Order dismissing the state law claims, *see* D.E. 449, decision was contrary to well-established precedent in the Third Circuit.  Defendants' bore the burden of proving their defense to these claims – *i.e.* immunity under both federal law and the New Jersey Tort Claims Act.  In sum, the jury should have been permitted to consider Plaintiff's claims under § 1983 as well as the negligence claims.

For these reasons, the Court should reverse its prior decision dismissing Plaintiff's state law negligence claims and reinstate Counts VII and VIII of Plaintiff's Second Amended Complaint.

## **POINT II**

### **PLAINTIFF DID NOT HAVE TO BRING HIS NEGLIGENCE CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT**

Defendants also erroneously claim that Plaintiff was required to assert his common law negligence claim under the NJCRA, *see* N.J.S.A. 10:6-2. The plain language of the NJCRA and its legislative history contradict this assertion. Plaintiff's negligence claims are separate and apart from any claim under the NJCRA. Moreover, Plaintiff was not obligated to assert any claim under the NJCRA, and accordingly did not do so. In short, the NJCRA did not preempt nor bar Plaintiff's negligence claims.

The relevant portion of the NJCRA states, in part, that:

> Any person who has been deprived of **any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States**, or **any substantive rights, privileges or immunities secured by the Constitution or laws of this State**, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. 10:6-2(c) (emphasis added).

The NJCRA was adopted "for the broad purpose of assuring a state law cause of action for violations of state and federal constitutional rights and to fill any gaps in state statutory anti-discrimination protection." *Owens v. Feigin*, 194 N.J. 607, 611 (2008). The New Jersey Supreme Court has found that the legislative history of the NJCRA, while sparse, "tells us that [the NJCRA] is modeled off of the analogous Federal Civil Rights Act, 42 [U.S.C.] § 1983, and is intended to provide what Section 1983 does not: **a remedy for the violation of substantive rights found in our State Constitution and laws**." *Tumpson v. Farina*, 218 N.J. 450, 474 (2014) (emphasis added).

The statutory language, as well as the legislative intent behind the NJCRA, does not preclude common law claims. Indeed, the explicit language and case law interpreting the NJCRA indicates that it applies **only to violations of the substantive rights** afforded under the Federal and State Constitutions. *See Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 548 (D.N.J. 2013) ("civil claims for violations of the New Jersey Constitution can only be asserted by way of the [NJCRA]."). This is the reason that plaintiffs can, and often do, assert claims under § 1983 for violations of federal constitutional rights, as well as under the NJCRA for violations of state constitutional rights, while also asserting various common law claims including, but not limited to, assault and battery, false imprisonment, and negligence. *See Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 743-49 (D.N.J. 2016); *see also Estate of Vargas v. Cnty. of Hudson*, 2020 WL 3481774, at *2-10 (D.N.J. June 26, 2020) (denying the defendants' motion for summary judgment as to the plaintiff's claims under § 1983 and NJCRA, which were analyzed together, as well as the plaintiff's negligent training and supervision claim, one of "multiple common law tort claims") (Baldinger Cert., Exh. "E").

The case law cited by Defendants in their initial motion, *see* D.E. 436 – upon which this Court struck Plaintiff's state law claims before they were considered by the jury – was disingenuous. Those cases stand for the unremarkable proposition that claims proceeding under the NJCRA are analogous to claims proceeding under § 1983. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (noting that the NJCRA "was modeled after . . . § 1983"); *Estate of Martin v. U.S. Marshals Serv. Agents*, 649 F. App'x 239, 245 n.4 (3d Cir. 2016). But that has no bearing whatsoever as to whether Plaintiff is expressly precluded, under the NJCRA, from asserting separate causes of action under the common law. Defendants' failure to cite a single case

for that proposition, while avoiding the clear and unambiguous statutory language of the NJCRA, is both telling and disingenuous.

To be clear, Plaintiff was not obligated to assert any claims under the NJCRA, particularly as such claims would have been duplicative and unnecessary in light of Plaintiff's claims under § 1983. For these reasons, the Court should reverse its previous decision and allow Plaintiff to pursue his state law negligence claims that were improperly dismissed.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that, in the interests of justice, this Court reverse its previous decision as it was a clear error of law and resulted in a manifest injustice to deprive Plaintiff the right to present viable state law negligence claims to the jury for resolution. Accordingly, this Court should reinstate Counts VII (Negligence) and VIII (Negligent training, supervision, and promulgation of policies).

Respectfully submitted,

**MAZIE SLATER KATZ & FREEMAN, LLC**
*Attorneys for Plaintiff*


By: */s/ Beth G. Baldinger*
    BETH G. BALDINGER, ESQ.

Dated: April 27, 2022