# EXHIBIT A

**Beth Baldinger**

| | |
|---|---|
| **From:** | Pamela Carlos <judge_pamela_carlos@paed.uscourts.gov> |
| **Sent:** | Friday, May 6, 2022 3:03 PM |
| **To:** | Beth Baldinger; Cory Rothbort; wtambuss@brownconnery.com; bcook@brownconnery.com; jjblumberg@blumberglawoffices.com; dwittman_zwattorneys.com |
| **Cc:** | Chambers of Chief Judge Sanchez |
| **Subject:** | Ingram vs. County of Camden et al - 14-5519  -SETTLEMENT |
| | |
| **Importance:** | High |

Counsel: This message follows my conversations today with Ms. Baldinger (with full authorization on behalf of Mr. Ingram) and Mr. Tambussi (with full authorization on behalf of all defendants).

This will confirm that the above referenced lawsuit has been resolved for the total sum of Ten Million Dollars and Zero Cents ($10,000,000.00) in exchange for which Plaintiff, Xavier Ingram, will execute a general release of all claims. There are no other conditional terms of settlement.

Chief Judge Sanchez has been personally notified of this development.  The parties are to forthwith undertake all necessary steps to effectuate and complete resolution.



Honorable Pamela A. Carlos
Magistrate Judge
United States District Court for the Eastern District of Pennsylvania
Edward N. Cahn United States Courthouse and Federal Building
504 Hamilton Street
Allentown, Pennsylvania 18101
610.434.3823

1

# EXHIBIT B

**Beth Baldinger**

| | |
|---|---|
| **From:** | William Tambussi <wtambussi@brownconnery.com> |
| **Sent:** | Friday, May 6, 2022 3:04 PM |
| **To:** | Pamela Carlos; Beth Baldinger; Cory Rothbort; William Cook; jjblumberg@blumberglawoffices.com; dwittman_zwattorneys.com |
| **Cc:** | Chambers of Chief Judge Sanchez |
| **Subject:** | RE: Ingram vs. County of Camden et al - 14-5519 -SETTLEMENT |

Thank you.



**William M. Tambussi, Esq.**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900   Direct: (856) 858-8175
wtambussi@brownconnery.com
www.brownconnery.com



**From:** Pamela Carlos <judge_pamela_carlos@paed.uscourts.gov>
**Sent:** Friday, May 6, 2022 3:03 PM
**To:** bbaldinger@mskf.net; crothbort@mazieslater.com; William Tambussi <wtambussi@brownconnery.com>; William Cook <wcook@brownconnery.com>; jjblumberg@blumberglawoffices.com; dwittman_zwattorneys.com <dwittman@zwattorneys.com>
**Cc:** Chambers of Chief Judge Sanchez <Chambers_of_Chief_Judge_Sanchez@paed.uscourts.gov>
**Subject:** Ingram vs. County of Camden et al - 14-5519 -SETTLEMENT
**Importance:** High

**This is an EXTERNAL email. STOP. THINK! DON'T click links or open files unless you know the sender!**

Counsel: This message follows my conversations today with Ms. Baldinger (with full authorization on behalf of Mr. Ingram) and Mr. Tambussi (with full authorization on behalf of all defendants).

This will confirm that the above referenced lawsuit has been resolved for the total sum of Ten Million Dollars and Zero Cents ($10,000,000.00) in exchange for which Plaintiff, Xavier Ingram, will execute a general release of all claims. There are no other conditional terms of settlement.

Chief Judge Sanchez has been personally notified of this development. The parties are to forthwith undertake all necessary steps to effectuate and complete resolution.

1



Honorable Pamela A. Carlos
Magistrate Judge
United States District Court for the Eastern District of Pennsylvania
Edward N. Cahn United States Courthouse and Federal Building
504 Hamilton Street
Allentown, Pennsylvania 18101
610.434.3823

CONFIDENTIALITY NOTICE: This e-mail and any accompanying documents contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this e-mail in error, please reply as such and delete the e-mail.

**Beth Baldinger**

| | |
|---|---|
| **From:** | Beth Baldinger |
| **Sent:** | Friday, May 6, 2022 3:14 PM |
| **To:** | Pamela Carlos; Cory Rothbort; wtambuss@brownconnery.com; bcook@brownconnery.com; jjblumberg@blumberglawoffices.com; dwittman_zwattorneys.com |
| **Cc:** | Chambers of Chief Judge Sanchez |
| **Subject:** | RE: Ingram vs. County of Camden et al - 14-5519 -SETTLEMENT |

Thank you.

I expect the General Release should be executed this coming week and payment within 30 days.


Beth G. Baldinger, Esq.



TRIAL ATTORNEYS

103 Eisenhower Parkway
Roseland, New Jersey 07068
Direct Phone: (973) 228-0473
Main Phone: (973) 228-9898
bbaldinger@mazieslater.com


**From:** Pamela Carlos <judge_pamela_carlos@paed.uscourts.gov>
**Sent:** Friday, May 6, 2022 3:03 PM
**To:** Beth Baldinger <bbaldinger@mazieslater.com>; Cory Rothbort <crothbort@mazieslater.com>; wtambuss@brownconnery.com; bcook@brownconnery.com; jjblumberg@blumberglawoffices.com; dwittman_zwattorneys.com <dwittman@zwattorneys.com>
**Cc:** Chambers of Chief Judge Sanchez <Chambers_of_Chief_Judge_Sanchez@paed.uscourts.gov>
**Subject:** Ingram vs. County of Camden et al - 14-5519 -SETTLEMENT
**Importance:** High

Counsel: This message follows my conversations today with Ms. Baldinger (with full authorization on behalf of Mr. Ingram) and Mr. Tambussi (with full authorization on behalf of all defendants).

This will confirm that the above referenced lawsuit has been resolved for the total sum of Ten Million Dollars and Zero Cents ($10,000,000.00) in exchange for which Plaintiff, Xavier Ingram, will execute a general release of all claims. There are no other conditional terms of settlement.

1

Chief Judge Sanchez has been personally notified of this development.  The parties are to forthwith undertake all necessary steps to effectuate and complete resolution.



Honorable Pamela A. Carlos
Magistrate Judge
United States District Court for the Eastern District of Pennsylvania
Edward N. Cahn United States Courthouse and Federal Building
504 Hamilton Street
Allentown, Pennsylvania 18101
610.434.3823

2

# EXHIBIT C

**Beth Baldinger**

| | |
|---|---|
| **From:** | Beth Baldinger |
| **Sent:** | Thursday, May 12, 2022 9:08 AM |
| **To:** | William Tambussi; William Cook; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com); Dean Wittman; Cory Rothbort |
| **Subject:** | Ingram vs. Camden County |

Bill,

When do you expect to have the General Release prepared for our review?

Also, I want to ensure that payment will be received in 30 days.

Please advise.

Beth G. Baldinger, Esq.



**Mazie Slater**
**Katz Freeman**
TRIAL ATTORNEYS

103 Eisenhower Parkway
Roseland, New Jersey 07068
Direct Phone: (973) 228-0473
Main Phone: (973) 228-9898
bbaldinger@mazieslater.com

1

**Beth Baldinger**

| | |
|---|---|
| **From:** | William Cook <wcook@brownconnery.com> |
| **Sent:** | Thursday, May 12, 2022 10:09 PM |
| **To:** | Beth Baldinger; William Tambussi; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com); Dean Wittman; Cory Rothbort |
| **Subject:** | RE: Ingram vs. Camden County |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

You should have a draft sometime next week.

There is no 30-day condition.

Disbursement will be made in accordance with the procedures to be determined and outlined in the Agreement, including any disbursements required to CMS and/or Medicare Set-Asides.

Please:

1. Provide a Charles Jones Report;
2. Provide an Updated Lien Report; and
3. State whether you have reported this tentative settlement to CMS.

In accordance with the clawback provisions of the Discovery Confidentiality Agreement, Defendants will also demand the return of all materials produced to Plaintiff that were designated Confidential, including but not limited to all internal affairs files, personnel records, and any other such records as were designated Confidential, as well as the return of all such items which may have been provided to Plaintiff's experts. This was agreed-to as part of the Discovery Confidentiality Order.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900    Fax: (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

**From:** Beth Baldinger <bbaldinger@mazieslater.com>
**Sent:** Thursday, May 12, 2022 9:08 AM
**To:** William Tambussi <wtambussi@brownconnery.com>; William Cook <wcook@brownconnery.com>; 'Jay Blumberg'

1

**Beth Baldinger**

| | |
|---|---|
| **From:** | William Cook <wcook@brownconnery.com> |
| **Sent:** | Monday, May 16, 2022 8:25 AM |
| **To:** | Beth Baldinger; William Tambussi; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com); Dean Wittman; Cory Rothbort |
| **Subject:** | RE: Ingram vs. Camden County |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

In addition to the requests below (sent last week), please provide the name of Plaintiff's MSA trust company, as well as the time frame for completion of their evaluation of future medical needs. Please also provide the name(s) of any structured settlement providers so that the settlement disbursements, which are coming from the carriers and not the County or the Defendants, may be directed to the proper entity.

These items must also be addressed in the settlement agreement.

Thank you.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900    Fax: (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

**From:** William Cook
**Sent:** Thursday, May 12, 2022 10:09 PM
**To:** Beth Baldinger <bbaldinger@mazieslater.com>; William Tambussi <wtambussi@brownconnery.com>; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; Dean Wittman <dwittman@zwattorneys.com>; Cory Rothbort <crothbort@mazieslater.com>
**Subject:** RE: Ingram vs. Camden County

You should have a draft sometime next week.

There is no 30-day condition.

Disbursement will be made in accordance with the procedures to be determined and outlined in the Agreement, including any disbursements required to CMS and/or Medicare Set-Asides.

# EXHIBIT D

**Beth Baldinger**

| | |
|---|---|
| **From:** | Beth Baldinger |
| **Sent:** | Wednesday, May 18, 2022 11:12 AM |
| **To:** | William Cook; William Tambussi; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com); Dean Wittman; Cory Rothbort |
| **Subject:** | RE: Ingram vs. Camden County |
| **Attachments:** | Child Support Judgment Search 5-13-22.pdf; Medicaid ltr 3-14-22.pdf |

Bill and Counsel,

I expect you to provide me with the General Release today. There is no reason for you to further delay providing me with the release which I have been requesting since this case settled.

Attached please find the Child Support Judgment Search showing no lien. Also, you were previously provided with the Medicaid Lien letter of 3/14/22, copy attached.

It is our responsibility to take care of our client's obligations with Medicare and Medicaid, and I trust the General Release has that language. As to the details, that is not your concern. As you are aware there are no annuities to be purchased, so there is no need for the General Release to address those arrangements

If I do not receive the General Release today for review, I will ask the Court to get involved.

Thank you for your anticipated cooperation.


Beth G. Baldinger, Esq.



**Mazie Slater**
Katz Freeman
TRIAL ATTORNEYS

103 Eisenhower Parkway
Roseland, New Jersey 07068
Direct Phone: (973) 228-0473
Main Phone: (973) 228-9898
bbaldinger@mazieslater.com


**From:** William Cook <wcook@brownconnery.com>
**Sent:** Monday, May 16, 2022 8:25 AM
**To:** Beth Baldinger <bbaldinger@mazieslater.com>; William Tambussi <wtambussi@brownconnery.com>; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; Dean Wittman

1



```
                              * * * CHILD SUPPORT JUDGMENT SEARCH * * *
                              NEW JERSEY SUPERIOR COURT


     228-9898-97                    RE: 5994-1 (INGRAM)

     CERTIFIED TO:


               MAZIE SLATER KATZ & FREEMAN LLC
               103 EISENHOWER PARKWAY
               ROSELAND NJ 07068


     CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE INDEX OF
     THE CIVIL JUDGMENT AND ORDER DOCKET OF THE SUPERIOR COURT OF NEW JERSEY
     AND DOES NOT FIND REMAINING UNSATISFIED OF RECORD THEREIN A JUDGMENT
     FOR CHILD SUPPORT PURSUANT TO N.J.S.A. 2A:17-56.23(B) EXCEPT AS SET
     FORTH BELOW AGAINST:

                                        FROM         TO

         XAVIER INGRAM                09-01-1992  05-06-2022
           SSN:  XXX-XX-5103
           *** Name is CLEAR ***
```


```
     DATED      05-06-2022
     TIME       08:45 AM

     FEES: $ 10.00
     TAX:  $  0.00
     TOTAL:$ 10.00                     CHARLES JONES LLC
                                       P.O. BOX 8488
     CJ22-133-02689  133   0718133 01  TRENTON, NJ 08650
```



### State of New Jersey
DEPARTMENT OF HUMAN SERVICES
DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES
PO BOX 712
TRENTON, NJ 08625-0712

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

SARAH ADELMAN
*Acting Commissioner*

JENNIFER LANGER JACOBS
*Assistant Commissioner*

March 14, 2022

Beth Baldinger, Esq.
103 Eisenhower Parkway
Suite 207
Roseland, NJ 07068
*Email only*

RE: Xavier Ingram
Our File: DMA/43241
DOI: 06/12/2014

Dear Ms. Baldinger:

This communication is in response to your request for an updated Medicaid Claims total.

A review of our billing records, disclosed that Medicaid is currently entitled to reimbursement in the amount of **$1,473,998.27** year to date, in accordance with the provisions of N.J.S.A. 30:4D-1 et seq. In support of our claim, I am enclosing a Recipient Claim History Report reflecting all paid claims from 08/12/2014 through current date.

Once settlement has been reached, please note that pursuant to N.J.S.A. 30:4D-7.1b. (...shall immediately reimburse the division...), N.J.A.C. 10:71-4.11(g)1.v. (...Medicaid's claim for expenditures that are related to the cause of action shall be repaid immediately upon the receipt of such proceeds and prior to the establishment of the trust), reimbursement of our claim is to be made from the proceeds of the settlement prior to any other type of disbursements (i.e., special needs trusts, etc.). .

PLTF 33670

*New Jersey Is An Equal Opportunity Employer   •   Printed on Recycled Paper and Recyclable*

***At time of settlement please provide our office with the settlement papers, including the breakdown of your costs and fees, so that we may calculate the appropriate pro-rata reduction for counsel fees pursuant to N.J.S.A. 30:4D-7.1b.***

***Be advised that any settlement monies are counted as income and may render a client ineligible for continued benefits or responsible for incorrectly paid benefits.***

**Special Need Trusts** are specifically created to allow money to be spent to supplement the needs of disabled people without effecting eligibility.

If a Special Needs Trust is created, a copy of the trust must be forwarded to this office in addition to a copy of the Settlement Order. The Recovery Unit, within the Office of Legal & Regulatory Affairs, has the responsibility of tracking, approving all expenditures over $5,000 and collecting all monies due upon the death of the Medicaid beneficiary for whom the SNT was written

Thank you for your cooperation in this matter.  I can be reached at (609) 609-631-4548 should you have any questions.

Sincerely,

*Denise Johnson*

Denise Johnson, BSN, RN
Regional Staff Nurse
Office of Legal & Regulatory Affairs

DMA: j

PLTF 33671

**Beth Baldinger**

| | |
|---|---|
| **From:** | William Cook <wcook@brownconnery.com> |
| **Sent:** | Thursday, May 19, 2022 4:52 PM |
| **To:** | Beth Baldinger; William Tambussi; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com); Dean Wittman; Cory Rothbort |
| **Subject:** | RE: Ingram vs. Camden County |

Beth:

It is most certainly our concern how the Medicare issues are resolved.  Please review the applicable legal authorities.

Please provide specifics on how the future medical care is going to be accounted for from the funding of the settlement.  Your statement that this is not our concern only reinforces the need for that information, as well as our concern that this is not being addressed properly.

Our clients are potentially subject to liability if Mr. Ingram's future medical expenses are not properly accounted for.  It is not enough for you to simply provide us with a hold harmless.

Mr. Ingram is a quadriplegic.  Are you stating that there will be no Medicare set-aside or other funding arrangement to account for his medical expenses?  Who will be paying the bills?  Medicare would not be primary.

Finally, according to the latest lien update that you provided (dated March 14, 2022), Medicaid is entitled to $1,473,998.27.  Our carriers will be reserving the right to reimburse Medicare directly for all existing Medicare liens.

We are simply asking that you provide further information and outline how these future medical expenses will be accounted for.

Thank you.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office:  (856) 854-8900    Fax:  (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

# EXHIBIT E

**Beth Baldinger**

| | |
|---|---|
| **From:** | Beth Baldinger |
| **Sent:** | Monday, May 23, 2022 7:00 PM |
| **To:** | William Cook; William Tambussi; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com); Dean Wittman; Cory Rothbort |
| **Subject:** | RE: Ingram vs. Camden County |
| **Attachments:** | Medicare ltr re no coverage 1-12-22.pdf; Med Auth & POA - Medicare 12-15-21.pdf; Begley - MSA Opinion Letter.pdf |

Bill and All Counsel,

The only future medical expense information you would be entitled to would be if Mr. Ingram was required to put in place a Medicare Set Aside. However, as he does not qualify for Medicare, there is no obligation for a Medicare Set Aside to be put in place.  To be clear, he has never received Medicare benefits, he does not qualify for them now, no Medicare Set Aside is required and that is the sum total of information about future medical expenses you are entitled to. By way of verification, I enclose my letter to Medicare of 12/15/21 and their responding letter of 1/12/11 that he is not in their system.  I also attach an opinion letter from Thomas D. Begley, Esq. verifying this. I trust this puts this issue to rest.

As for the Medicaid lien for past paid medical expenses, please be advised that we are addressing the lien directly with Medicaid. The lien will be adjusted, based on a number of factors, and I will advise you of the final lien once it is resolved. Your insurance carrier does not have any authority to pay the lien directly, nor to negotiate with Medicaid on my client's behalf.  Your insurance company's obligation is to pay the $10,000,000 in full to our firm and Mr. Ingram.  We will pay the final Medicaid lien from the settlement proceeds and will provide you with proof that such lien is fully satisfied.

Where is the General Release?  I expect you to provide it to me now, so that I may review it and address any terms of concern to us. There is no justification as to any further delay.

Beth G. Baldinger, Esq.



**Mazie Slater**
**Katz Freeman**
T R I A L   A T T O R N E Y S

103 Eisenhower Parkway
Roseland, New Jersey 07068
Direct Phone: (973) 228-0473
Main Phone: (973) 228-9898
bbaldinger@mazieslater.com

# B BEGLEY LAW GROUP, PC

Leaders in Planning for the Elderly and Disabled

THOMAS D. BEGLEY, JR*
ETHAN J. ORDOG
ADAM COHEN †
MARIANNE JOHNSTON †

May 23, 2022

***SENT VIA ELECTRONIC MAIL:***   bbaldinger@mazieslater.com

Beth Baldinger, Esquire
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068

        RE:   Xavier Ingram
              Our File Number:   22PI236

Dear Beth:

        You have inquired as to whether it is necessary to establish a Medicare Set-Aside (MSA) or otherwise take Medicare's interest into consideration in the above captioned matter.

        To be eligible for Medicare, a person must be:

- Aged 65 or older and eligible for either Social Security or Railroad Retirement Benefits;[1]

- Aged 65 or older and were employees of state or local governments hired after March 31, 1986;[2]

- Under Age 65 and receiving Social Security Disability or Railroad Retirement Disability Benefits for 24 months.[3] (For persons suffering from Amyotrophic Lateral Sclerosis (ALS), there is no 24-month waiting period.   There is no waiting period for persons under age 65 with "End Stage Renal Disease."[4]

        Based on the information you have provided, Xavier is not eligible for Medicare. It appears that Xavier:

        1.        is not receiving Medicare,

        2.        is not receiving benefits from Social Security Disability Insurance (SSDI),

---

[1]42 C.F.R. § 406.10.
[2]42 C.F.R. § 406.11.
[3]42 C.F.R. § 406.12.
[4]42 C.F.R. § 1395( c); 42 C.F.R. § 406.13.

Page 2

    3.    is not receiving benefits from Railroad Retirement Benefits (RRD,

    4.    has not applied for SSDI,

    5.    has not applied for RRD,

    6.    is not appealing an SSDI denial,

    7.    is not appealing an RRD denial,

    8.    is under age 62.5 years,

    9.    does not suffer from End Stage Renal Disease (ESRD), and

    10.    does not suffer from Amyotrophic Lateral Sclerosis (ALS).

Since Xavier is not receiving Medicare and has no reasonable expectation of receiving Medicare within 30 months,[5] no Medicare Set-Aside is required.

Very truly yours,

BEGLEY LAW GROUP, P.C.

BY: _____

THOMAS D. BEGLEY, JR.

---

[5] Memorandum - Centers for Medicare and Medicaid Services (April 20, 2003)





1 of 1 R-25

January 12, 2022



25 1 MB 0.485
***AUTOMIXED AADC 720 R:25 T:2 P:2 PC:1 F:2119406
MAZIE SLATER KATZ & FREEMAN
103 EISENHOWER PKWY STE 207
ROSELAND, NJ 07068-1029

Beneficiary/Claimant:          XAVIER INGRAM
Date of Incident:               June 12, 2014
Document Control Number:   25121521-0001708

Subject: Unable to Identify Beneficiary

Dear MAZIE SLATER KATZ & FREEMAN:

The Benefits Coordination & Recovery Center (BCRC) received a request regarding the above-referenced individual.

Please be advised, we are not able to confirm Medicare coverage for this individual. Please contact the beneficiary/claimant to obtain the correct Medicare ID from their red, white and blue Medicare identification card and resubmit your letter.

If the correct Medicare ID cannot be obtained, please contact the Social Security Administration (SSA) at 1-800-772-1213 to verify Medicare entitlement.

If you have any questions concerning this matter, please contact the BCRC by phone at 1-855-798-2627 (TTY/TDD: 1-855-797-2627 for hearing/speech impaired), in writing at the address below, or by fax at 405-869-3309. When sending correspondence, please include the Beneficiary Name and Medicare ID.

Sincerely,
BCRC Case Analyst



# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

Writer's Direct Dial & Email:
(973) 228-0473
bbaldinger@mazieslater.com

Karen G. Kelsen°
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

December 15, 2021

°Member of N.J. & N.Y. Bars

**Via Regular Mail & Fax – (405) 869-3309**
NGHP
P.O. Box 138832
Oklahoma City, OK 73113

Re:   **Xavier Ingram v. County of Camden, et al.**
**Civil Action No.: 1:14-cv-05519-JBS-KMW**

**Xavier Ingram**
**DOB: 10/24/1993**
**SS#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**

Dear Sir / Madam:

I represent Xavier Ingram in the above captioned lawsuit brought to recover damages for injuries sustained on June 12, 2014. In sum, it is alleged that the defendants, Camden County, Camden County Police Department and its officers used excessive and improper force upon Mr. Ingram causing severe cervical injuries rendering him a quadriplegic.

Please accept this letter as a request for any potential lien Medicare intends to assert against any recovery related to treatment for injuries in the subject incident and provide complete back up for the lien. Enclosed is an authorization form and power of attorney allowing the release of the requested information.

Thank you for your assistance.

Very truly yours,

*Beth G. Baldinger*

BETH G. BALDINGER

BGB:tl/Encl.
I:\BGB\Ingram\Medicare re lien ltr 12-15-21.doc

HIPAA COMPLIANT AUTHORIZATION RELEASING INFORMATION PURSUANT TO *45 CFR 164.508*

TO:      MEDICARE / NGHP

Name of Healthcare Provider/Physician/Facility

P.O. Box 138832

Street Address

Oklahoma City, OK 73113

City, State and Zip Code

RE:     Patient Name:  __XAVIER INGRAM__

Date of Birth: ██████1993          Social Security Number: ████████

     I authorize and request the disclosure of all protected information for the purpose of review and evaluation in connection with a legal claim. I expressly request that the designated record custodian of all covered entities under HIPAA identified above disclose full and complete protected medical information including the following:

- ☑ All medical records, meaning every page in my record.
- ☑ All physical, occupational and rehab requests, consultations and progress notes.
- ☑ All disability, Medicaid or Medicare records including claim forms and record of denial of benefits.
- ☑ All mental health treatment records and/or alcohol/drug treatment records.
- ☑ All employment, personnel or wage records.
- ☑ All autopsy, laboratory, histology, cytology, pathology, and radiology films and records.
- ☑ All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- ☑ All radiology and/or imaging studies including x-rays, MRI's, and/or CT scans with the corresponding reports.
- ☑ All billing records including all statements, insurance claim forms, itemized bills, and records of billing to third party payers and payment or denial of benefits.

I understand the information to be released or disclosed may include information relating to sexually transmitted diseases, acquired or human immunodeficiency syndrome (AIDS, HIV, DNA testing), and alcohol and drug abuse. I authorize the release or disclosure of this type of information.

This protected health information is disclosed for the following purposes: **Litigation.**

This authorization is given in compliance with the federal consent requirements for release of alcohol or substance abuse records of *42 CFR 2.31*, the restrictions of which have been specifically considered and expressly waived.

You are authorized to release the above records to my attorney who has agreed to pay reasonable charges made by you to supply copies of such records:

     Mazie Slater Katz & Freeman, LLC
     103 Eisenhower Parkway, Suite 207
     Roseland, New Jersey 07068

I understand the following: (a) I have a right to revoke this authorization in writing at any time, except to the extent information has been released in reliance upon this authorization; (b) the information released in response to this authorization may be re-disclosed to other parties; and (c) my treatment or payment for my treatment cannot be conditioned on the signing of this authorization. *See CFR §164.508(c)(2)(i-iii)*. I understand that once the health information I have authorized to be disclosed reaches the noted recipient, that person or organization may re-disclose it, at which time it may no longer be protected under Privacy laws.

Any facsimile, copy or photocopy of the authorization shall authorize you to release the records requested herein. This authorization shall be in force and effect until **five (5) years** from date of execution at which time this authorization expires.

| | |
|---|---|
| _(signature)_ | 12/15/21 |
| Signature of Patient or Legally Authorized Representative | Date |

__BETH G. BALDINGER, ATTORNEY (with Power of Attorney attached)__

Name and Relationship of Legally Authorized Representative          Date

Witness Signature          Date

**Beth Baldinger**

| | |
|---|---|
| **From:** | William Cook <wcook@brownconnery.com> |
| **Sent:** | Monday, May 23, 2022 9:49 PM |
| **To:** | Beth Baldinger; William Tambussi; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com); Dean Wittman; Cory Rothbort |
| **Subject:** | RE: Ingram vs. Camden County |
| **Attachments:** | Medicaid_TPL_Coverage_Guide.pdf |

Whether he is on Medicaid or Medicare, the government becomes secondary by law. The potential for third-party liability remains.

Please see attached New Jersey DHS documentation as well as the guidance information below:

_Medicaid and Other Payers_

*Medicaid is generally the payer of last resort: by law, all other sources of coverage must pay claims under their policies before Medicaid will pay for the care of an eligible individual. Federal regulation refers to this requirement as third party liability (TPL), meaning payment is the responsibility of a third party other than the individual or Medicaid. To implement the Medicaid TPL requirements, federal rules require states to take reasonable measures to identify potentially liable third parties and process claims accordingly. Medicaid enrollees also must cooperate with state efforts to pursue other sources of coverage.*

https://www.macpac.gov/subtopic/third-party-liability/

Please answer the questions previously asked. Who will be paying the future medical bills, and how? Where will the bills go? Medicaid would no longer be primary.

We are absolutely not going to be placed in a position of simply sending a $10M without any knowledge whatsoever as to how these bills are going to be paid and how much will be placed in reserve to pay those bills. We are under a legal obligation to ensure that future medical expenses have been considered. You have given us no information as to how that will be handled other than to simply remark that it is somehow not our concern.

I assume Mr. Ingram will not be self-insuring his future medical expenses and bills through this settlement.

I appreciate Mr. Begley's letter, but please note that this addresses Mr. Ingram's current status. I am aware that Mr. Ingram is not currently receiving Medicare benefits. However, he will be Medicare eligible in the near future and/or will remain on Medicaid. As long as he is receiving benefits through Medicaid or Medicare, the secondary payer issue remains by law.

In the absence of any further specifics, we are left with a situation where these settlement funds are poorly managed, with either Medicaid or Medicare having to assume primary responsibility for medical

payments. This creates a major third-party liability issue for Defendants, as the government will say that future medical expenses were not properly accounted for.

It may also be necessary to obtain court-approval for your proposed process for administering future medical payments as constituting fair and adequate consideration by the parties of Mr. Ingram's future medical needs for purposes of the MSPA.

Thank you.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office:  (856) 854-8900    Fax:  (856) 858-4967
Direct:  (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

**From:** Beth Baldinger <bbaldinger@mazieslater.com>
**Sent:** Monday, May 23, 2022 7:00 PM
**To:** William Cook <wcook@brownconnery.com>; William Tambussi <wtambussi@brownconnery.com>; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; Dean Wittman <dwittman@zwattorneys.com>; Cory Rothbort <crothbort@mazieslater.com>
**Subject:** RE: Ingram vs. Camden County

**This is an EXTERNAL email. STOP. THINK! DON'T click links or open files unless you know the sender!**

Bill and All Counsel,

The only future medical expense information you would be entitled to would be if Mr. Ingram was required to put in place a Medicare Set Aside. However, as he does not qualify for Medicare, there is no obligation for a Medicare Set Aside to be put in place.  To be clear, he has never received Medicare benefits, he does not qualify for them now, no Medicare Set Aside is required and that is the sum total of information about future medical expenses you are entitled to. By way of verification, I enclose my letter to Medicare of 12/15/21 and their responding letter of 1/12/11 that he is not in their system.  I also attach an opinion letter from Thomas D. Begley, Esq. verifying this. I trust this puts this issue to rest.

As for the Medicaid lien for past paid medical expenses, please be advised that we are addressing the lien directly with Medicaid. The lien will be adjusted, based on a number of factors, and I will advise you of the final lien once it is resolved. Your insurance carrier does not have any authority to pay the lien directly, nor to negotiate with Medicaid on my client's behalf.  Your insurance company's obligation is to pay the $10,000,000 in full to our firm and Mr. Ingram.  We will pay the final Medicaid lien from the settlement proceeds and will provide you with proof that such lien is fully satisfied.

# EXHIBIT F

**Beth Baldinger**

| | |
|---|---|
| **From:** | William Cook <wcook@brownconnery.com> |
| **Sent:** | Wednesday, May 25, 2022 4:11 PM |
| **To:** | Beth Baldinger; William Tambussi; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com); Dean Wittman; Cory Rothbort |
| **Subject:** | RE: Ingram vs. Camden County |

You should have a draft of the release by tomorrow morning.

Please be advised of the following based on our further review of this matter:

- Mr. Begley is stating that Mr. Ingram is not currently eligible for Medicare. We are already aware of that. The issue is whether he will receive Medicare in the future. As you must know, if Mr. Ingram decides to apply for social security disability in the future, or when Mr. Ingram reaches the minimum Medicare age, he will receive Medicare. We will need a notarized document which confirms that Mr. Ingram will not be apply for social security disability in the future, and that he will not collect Medicare benefits upon reaching minimum Medicare age.

- As to Medicaid, you are representing that Medicaid's future interests do not need to be considered, but you are stating that Ingram would continue on Medicaid. I am unclear how at 10M settlement recipient would stay on Medicaid. We will need a letter from Medicaid that Mr. Ingram's future medical interests do not need to be considered. We cannot simply accept and rely upon your statement.

- We will likely be seeking an independent evaluation to review Mr. Begley's letter.

Thank you.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900     Fax: (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

**From:** Beth Baldinger <bbaldinger@mazieslater.com>
**Sent:** Wednesday, May 25, 2022 3:03 PM
**To:** William Cook <wcook@brownconnery.com>; William Tambussi <wtambussi@brownconnery.com>; 'Jay Blumberg'
(jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; Dean Wittman

<dwittman@zwattorneys.com>; Cory Rothbort <crothbort@mazieslater.com>
Subject: RE: Ingram vs. Camden County

**This is an EXTERNAL email. STOP. THINK! DON'T click links or open files unless you know the sender!**

Bill and Counsel,

As explained, Mr. Ingram is not Medicare eligible and will not be eligible in the future. Accordingly, there is no Medicare Set Aside required.

As you know, Mr. Ingram is required to pay off the Medicaid Lien for past medical expenses, which I am addressing, as so stated in my prior emails to you. I will advise you of the payoff figure and proof that the lien is paid off from the settlement funds.

You are mistaken – in terms of future medical benefits from Medicaid -- there is no such thing as a Medicaid Set Aside.

As you must know, persons can receive settlement sums, place them in a Special Needs Trust and continue to receive Medicaid benefits. There are other options as well. However, as I have stated your clients' have no obligation nor responsibility for Mr. Ingram's future medical expenses, regardless of how they are handled or the source of payment for them.

How Mr. Ingram chooses to handle his settlement funds and address his future medical expenses is not your or your clients' concern. There is no secondary payor obligations after the settlement is paid.

Again, where is the General Release? If you don't respond, I will have no choice but to seek Judge Sanchez' intervention.


Beth G. Baldinger, Esq.



**Mazie Slater**
**Katz Freeman**
TRIAL ATTORNEYS

103 Eisenhower Parkway
Roseland, New Jersey 07068
Direct Phone: (973) 228-0473
Main Phone: (973) 228-9898
bbaldinger@mazieslater.com

# EXHIBIT G

**Beth Baldinger**

| | |
|---|---|
| **From:** | William Cook <wcook@brownconnery.com> |
| **Sent:** | Wednesday, May 25, 2022 9:24 PM |
| **To:** | Beth Baldinger; William Tambussi; ''Jay Blumberg' (jjblumberg@blumberglawoffices.com)'; 'Dean Wittman'; Cory Rothbort |
| **Subject:** | RE: Ingram vs. Camden County |
| **Attachments:** | SETTLEMENT AGREEMENT AND RELEASE 05.25.22 910 PM DEFENSE DRAFT.DOCX |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Attached is the proposed defense draft as referenced below.

Please further be advised that, if Plaintiff is structuring any portion of this settlement, National Casualty will require a co-broker arrangement with its designated structure professional, as we understand this will be necessary for the Plaintiff to avoid tax consequences, e.g., if he diverts money to a fund for a child or children.

Please also provide the information previously requested in the emails below as soon as possible.

In accordance with the clawback provisions of the Discovery Confidentiality Agreement, Defendants will also demand the return of all materials produced to Plaintiff that were designated Confidential, including but not limited to all internal affairs files, personnel records, and any other such records as were designated Confidential, as well as the return of all such items which may have been provided to Plaintiff's experts. This was agreed-to as part of the Discovery Confidentiality Order. To the extent this information was produced in electronic form, please provide confirmation that it will be deleted and destroyed.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900    Fax: (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

**From:** William Cook
**Sent:** Wednesday, May 25, 2022 4:11 PM
**To:** Beth Baldinger <bbaldinger@mazieslater.com>; William Tambussi <wtambussi@brownconnery.com>; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; Dean Wittman <dwittman@zwattorneys.com>; Cory Rothbort <crothbort@mazieslater.com>
**Subject:** RE: Ingram vs. Camden County

You should have a draft of the release by tomorrow morning.

Please be advised of the following based on our further review of this matter:

DEFENDANTS' DRAFT – MAY 25, 2022 (9:10 PM)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "this Agreement") is made by, between, and among **XAVIER INGRAM** (hereinafter "Plaintiff") and **COUNTY OF CAMDEN, CAMDEN COUNTY POLICE DEPARTMENT, JOHN SCOTT THOMSON, JEREMY MERCK, ANTONIO GENNETTA, AND NICHOLAS MARCHIAFAVA** (hereinafter, "Defendants") (collectively, the "Parties" or, individually, a "Party").

**WHEREAS**, Plaintiff filed a Complaint against Defendants in the United States District Court for the District of New Jersey entitled <u>Xavier Ingram v. County of Camden, et al.</u> bearing Civil Action No. 14cv5519 (JRS/PAC) (hereinafter "the Litigation"), and has asserted claims in connection with an incident on June 12, 2014 in the City of Camden, with all such claims being completely denied by Defendants; and

**WHEREAS**, all Parties acknowledge that the merits of the Litigation are in dispute and have not been finally adjudicated, and that no Party admits any liability to any other, but the Parties have reasons to desire an amicable resolution of the matter, including to avoid the costs of further litigation;

**NOW**, for and in consideration of the agreements, covenants and conditions herein contained, the adequacy and sufficiency of which are hereby expressly acknowledged by the Parties hereto, the Parties agree as follows:

1.    **TERMS OF SETTLEMENT.**

    (a)   **Payment**. Plaintiff shall be paid the total settlement amount of $10,000,000 as full and final settlement of any and all claims which have been and/or could have been asserted against Defendants in the Litigation (hereinafter "The Settlement Payment"), subject to final ratification and approval by the Board of Commissioners of the County of Camden. The Settlement Payment includes payment for any and all claims, including claims for attorney's fees and costs incurred by counsel for Plaintiff, pre-judgment interest, post-judgment interest, or other monies, fees, or costs. The Settlement Payment shall be sourced from Greenwich Insurance Company ($5,000,000) and National Casualty Company ($5,000,000). Disbursement shall proceed as follows:

        1.    _____
        2.    _____
        3.    _____

    (b)   **Time of Payment.** The Settlement Payment shall be made within ninety (90) days (but not more than one hundred twenty (120) days if reasonably necessary) of receipt by Defendants' counsel of a copy of this Agreement executed by Plaintiff, or ratification by the Board of Commissioners, whichever is later.

1

DEFENDANTS' DRAFT – MAY 25, 2022 (9:10 PM)

(c) **Tax Indemnification**. Greenwich Insurance Company and National Casualty Company shall each issue a 1099 to Plaintiff's counsel for the Settlement Payment and shall not make any withholdings from the Settlement Payment. Plaintiff agrees that he is solely responsible for all applicable taxes, if any, as a result of the receipt of these monies. Plaintiff understands and agrees that Defendants are providing no representation for any tax obligations or consequences that may arise from this Agreement. If any action or proceeding shall be instituted against any Defendant related to any alleged failure to make withholdings on such monies, such Defendant will within five (5) days provide written notice to Plaintiff of the action or proceeding. Plaintiff hereby agrees to indemnify any Defendant in any such action and for any judgment which may be entered against any Defendant for taxes owed by Plaintiff, including costs, penalties, interests, and fees.

2. **DISMISSAL OF ACTION.** Plaintiff's counsel shall execute a Stipulation of Dismissal with Prejudice as to Defendants and return same with the executed copy of this Agreement. The Parties shall cooperate in executing and filing the required Stipulation of Dismissal With Prejudice with the United States District Court for the District of New Jersey.

3. **NO ADMISSION OF LIABILITY.** As an express and essential condition of this Agreement, Plaintiff fully accepts, acknowledges, and understands that the County of Camden, Camden County Police Department, John Scott Thomson, Jeremy Merck, Antonio Gennetta, and Nicholas Marchiafava all absolutely deny any wrongdoing or liability whatsoever in connection with the incident of June 12, 2014. Xavier Ingram accepts and acknowledges that nothing in this settlement constitutes an admission of any kind by any Defendant of any liability, or any violation of any law, or any violation of duty or obligation, or that any decisions or actions taken in connection with this matter were unwarranted, unjustified, wrongful, unreasonable or otherwise unlawful. The County of Camden, Camden County Police Department, John Scott Thomson, Jeremy Merck, Antonio Gennetta, and Nicholas Marchiafava each specifically and cateogorically deny, in the strongest terms possible, any wrongdoing whatsoever as to Xavier Ingram or the June 12, 2014 incident, or that any of their actions caused Xavier Ingram's injuries. Xavier Ingram further agrees, understands, and accepts that, by entering into this Agreement, no admission whatsoever is made by any Defendant that the County of Camden, Camden County Police Department, John Scott Thomson, Jeremy Merck, Antonio Gennetta, or Nicholas Marchiafava violated any constitutional or other rights of Ingram, acted without probable cause, engaged in excessive force, failed to render medical aid, failed to train, failed to supervise, were negligent, acted pursuant to any unconstitutional or unlawful policy, custom, or practice, or were otherwise liable or responsible for any of Xavier Ingram's injuries. The Parties further specifically agree that nothing in this Agreement constitutes any admission that any unconstitutional or unlawful policy, custom, or practice exists in the Camden County Police Department of any nature whatsoever. It is understood that this provision is absolutely fundamental to this Agreement.

4. **RELEASE**. In consideration of the Settlement Payment and other consideration provided for in this Agreement, Plaintiff, personally and for his estate and his heirs and/or assigns, waives, releases and gives up any and all claims, demands, obligations, damages, liabilities, causes of action and rights, in law or in equity, known and unknown, that he may have against any Defendant and any Defendant's agents, representatives and employees (present and former), or

2

DEFENDANTS' DRAFT – MAY 25, 2022 (9:10 PM)

any Defendant's respective successors and assigns, heirs, executors and personal or legal representatives and their insurers as to the current Litigation or the incident of June 12, 2014. This release is based upon any act, event or omission occurring before the Effective Date of this Agreement. The term "claim" shall include any and all claims, counterclaims, third-party claims, contribution claims, indemnity claims, cross-claims, and any other type of claim, including but not limited to claims relating to, or arising from, debts, demands, actions, promises, judgments, rights, trespasses, extents, executions, causes of action, suits, accounts, covenants, sums of money, dues, reckonings, bonds, bills, liens, attachments, trustee process, specialties, contracts, controversies, agreements, promises, damages, and all other claims of every kind and nature in law, equity, arbitration, or other forum, whether arising under state, federal or other law, known or unknown, matured or unmatured, foreseeable or unforeseeable, suspected or unsuspected, fixed or contingent, which were asserted, could have been asserted, or could in the future be asserted, whether or not asserted, threatened, or litigated, from the beginning of time to the Effective Date of this Release, any and all claims arising out of, relating to or in any way connected with the Litigation or that have been asserted or could have been asserted in the Litigation, whether absolute or contingent, direct or indirect, known or unknown.

Plaintiff specifically releases any and all claims against each Defendant related to alleged injuries and damages sustained in the incident of June 12, 2014 or any incident with any Defendant. Plaintiff further declares and represents that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite. In making this Release, it is thus understood and agreed that Plaintiff relies wholly upon his judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefore. This release is made without reliance upon any statement or representation of the Party or Parties hereby released or their representatives or by any physician or surgeon by them employed, other than those statements or representations contained herein.

Plaintiff hereby represents and warrants that he intends to specifically release each Defendant from any and all claims associated with the development and execution of any qualified structured settlement, its tax effect, and the obligations of or the insolvency of the assignees or life insurance companies.

Plaintiff also hereby represents and warrants that he intends to specifically release each Defendant from Unknown Claims arising from, relating to, or in any way connected with the Litigation that they do not know or suspect to exist, whether or not such Claims might have materially affected this Release. "Unknown Claims" means any Claims that any Party does not know or suspect to exist in his, her or its favor at the time of the release of the Parties that if known by him, her or it, might have affected his, her or its settlement with and release of the Parties. With respect to any and all Claims, the Parties agree that, upon the Effective Date of this Release, they shall have expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, against any Defendant which a Party does not know or suspect to exist at the time of executing the release. The Parties agree and understand that they may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Claims in the Litigation that have been released and discharged, but shall be deemed to have, fully, finally, and forever settled and released any and all Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, based upon any theory of law

3

DEFENDANTS' DRAFT – MAY 25, 2022 (9:10 PM)

or equity now existing or coming into existence in the future, including but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts except for claims arising from misrepresentations contained in this Release. The Parties agree and acknowledge that the inclusion of Unknown Claims against any Defendant arising from the accident in the definition of Claims was separately bargained for and was a key element of the Release.

**5.     RESPONSIBILITY FOR ANY AND ALL LIENS OR JUDGMENTS.** Plaintiff agrees to be responsible for the payment and satisfaction of any and all liens of any kind whatsoever, including (without limitation) liens or judgments arising out of the provision of any professional services or benefits to or for the benefit of Plaintiff by or through medical providers, medical institutions, temporary or permanent disability plans, employer or workers' compensation benefits plans or statutes, and for child support. Plaintiff agrees to satisfy any and all liens, claims or demands arising out of the June 12, 2014 incident and/or submitted against the proceeds of this settlement, including but not limited to any workers' compensation, Medicare, Medicaid, or other government lien, claim or demand, any lien or claim submitted by any medical provider, physician, hospital, therapist, or other health care giver or insurer seeking compensation or reimbursement for the services provided to him; or any other lien arising out of the incident of June 12, 2014. Plaintiff also hereby agrees to defend, indemnify and otherwise hold harmless any released party, including insurers, from and against any and all claims, demands, or suits made in connection with any such liens or claims. Plaintiff shall keep counsel for Defendants fully informed as to the disposition process for any liens. Greenwich Insurance Company reserves the right to reimburse the Centers for Medicare and Medicaid Services (CMS) directly for all existing Medicare or Medicaid liens. National Casualty Company reserves the right to reimburse CMS directly for all existing Medicare or Medicaid liens. As a material term of this settlement, Plaintiff or his attorneys must provide a CMS Final Demand Letter or No-Lien Letter upon the execution of this Settlement Agreement and Release or as soon as possible thereafter with the settlement funding obligation being suspended until twenty days after Defense Counsel's receipt of such letter.

Plaintiff and his attorney acknowledge that Defendants and their attorneys have taken the interests of Medicare and Medicaid into consideration by requiring that Plaintiff comply with the Medicare Secondary Payer Act as a condition of settlement and that Plaintiff will hold harmless and indemnify each Defendant and each Defendant's attorneys for any non-compliance should CMS act against any Defendant or any Defendant's attorneys. With respect to any Medicare or Medicaid lien, Defendants have requested and Plaintiff has agreed to determine whether Medicare or Medicaid has made conditional payments on behalf of Ingram, or is reasonably anticipated to make conditional payments in the future (future treatment needed for a Medicare recipient, over the age 62.5 or applied for Social Security Disability, et al.), or if Ingram is otherwise required to report the settlement due to eligibility as defined by 42 U.S.C. § 1395(y) (the Medicare Secondary Payer Act). Ingram agrees that if Medicare or Medicaid has made a conditional payment or he is eligible as defined by 42 U.S.C. § 1395(y), that Ingram will comply with the Medicare Secondary Payer Act by resolving all liens with CMS and satisfying any other requirements under such Act.

Ingram and his attorney further warrant that they, Defendants, and Defendants' counsel have considered the potential future interests of Medicare and Medicaid with respect to any potential future medical expenses that might be incurred in connection with Ingram, and that based

4

DEFENDANTS' DRAFT – MAY 25, 2022 (9:10 PM)

on the medical information available in this case, and the evaluation done by _____
(attached) it is anticipated that should Ingram require any future medical treatment in connection
with his alleged injuries sustained in this matter, the total cost over his lifetime of any currently
anticipated future medical treatment connected with the alleged injuries sustained in this matter is
estimated to be $_____, and therefore, a Claim Settlement Allocation (CSA) attached
in the amount of $_____ has been designated as being appropriate in this matter
to protect the future interests of Medicare and Medicaid, and this CSA shall be submitted to CMS
for approval prior to distribution of the settlement proceeds.  If CMS responds and requires a
Medicare/Medicaid Set-Aside Arrangement (MMSA) greater than $_____,
then Ingram agrees to fund the MMSA with the amount required by CMS from proceeds of the
settlement.  If CMS refuses to respond to the request for approval of the CSA within 60 days of
the date of submission, Ingram agrees that sufficient cash and structured settlement from the
settlement proceeds, in an amount not less that $_____ shall be set aside and
held in a separate account for the purpose of creating a "Fund" to pay for any future medical
treatment required by Ingram for any future medical treatment connected with the alleged injuries
sustained in this matter.   Ingram agrees to not file any claim with Medicare or Medicaid for any
future medical care or treatment that is or may be related to his injuries as alleged until the MMSA
is exhausted, either on an annual basis or upon total exhaustion of the MMSA. If, for any reason,
Medicare or Medicaid refuses to pay Ingram's medical bills after the MMSA is exhausted then
Ingram shall be responsible to pay for his own medical expenses, either from private insurance or
settlement funds, and no Defendant shall have any responsibility or liability whatsoever of any
kind.  Ingram further agrees to be solely responsible for payment of any future medical expenses
and not shift the responsibility to Medicare or Medicaid. The Fund for future medical treatment
will be deposited in a custodial account with _____ and that company
will professionally administer the account.

6.      **CERTIFICATION PURSUANT TO N.J.S.A. 2A:17-56.23b.**  Plaintiff hereby
certifies that he has fully satisfied any and all obligations imposed by New Jersey law with respect
to searches of child support judgments and satisfactions thereof including, but not limited to,
N.J.S.A. 2A:17-56.23b. Plaintiff hereby further warrants and certifies that a search of child support
judgments has been conducted through a private judgment search company that maintains
information on child support judgments and either Plaintiff is not a child support judgment debtor,
or in the event a child support debt exists, he has contacted the Probation Division of the Superior
Court to arrange for the satisfaction of the child support judgment.  In such latter event Plaintiff
shall undertake to notify the County to satisfy the child support judgment prior to the
disbursements of any funds herein recited.  Upon receipt of a warrant of satisfaction for the child
support judgment, Plaintiff shall notify the County of Camden of the balance, if any, of the
settlement which shall then be delivered to Plaintiff in keeping with this Agreement.  Plaintiff
specifically agrees to undertake to indemnify and defend the Defendant with respect to any claim
by any individual, entity or governmental authority with respect to any alleged failure to satisfy
any child support judgment or obligation.

7.      **COVENANT NOT TO SUE.**  Plaintiff warrants that he has not filed any civil or
administrative complaints of any nature against any Defendant as of the date of the execution of
this Agreement other than the Litigation referenced above. Plaintiff agrees that, for the matters
released herein and against Defendants, he will not file, charge, claim, sue or cause or permit to be
filed any civil action, suit, administrative claim, or other legal proceeding seeking personal,

DEFENDANTS' DRAFT – MAY 25, 2022 (9:10 PM)

equitable or monetary relief on his behalf in connection with any matter concerning any Defendant. Plaintiff further agrees that should any person, organization or other entity file, charge, claim, sue or cause or permit to be filed any such civil action, suit or legal proceeding, he will not seek or accept any personal relief in such civil action, suit or legal proceeding. In the event of a violation of this paragraph, Plaintiff agrees that any affected Defendant shall be entitled to immediate dismissal of such civil action, suit or legal proceeding and that Plaintiff shall be responsible for the payment of the reasonable attorneys' fees and expenses incurred by such Defendant.  Plaintiff further agrees not to pursue any internal affairs complaints, disciplinary complaints, or other administrative complaints with the Camden County Police Department in connection with the incident of June 12, 2014, and to the extent any such complaints have been or will be filed, such complaints are hereby withdrawn by Plaintiff by operation of this Agreement.

8.    **INDEMNIFICATION**.   In the event Plaintiff has recovered or recovers any monies from any other person or entity who thereafter seeks contribution, indemnification or allocation of fault from any Defendant arising from the claims released in this Agreement, Plaintiff shall indemnify and hold any affected Defendant harmless for any money spent in defending against these claims including, but not limited to, attorney's fees, costs of suit, judgment or settlement.

9.    **EFFECTIVE DATE.** This Agreement shall become effective upon service upon Defendants' counsel of the Agreement executed by Plaintiff.  Service may be effectuated by reasonable means including electronic means.  Electronic or .pdf signatures shall be treated as originals for all purposes applicable hereto. The Parties shall cooperate to exchange fully executed originals.

10.    **AUTHORITY**.  The Parties represent and warrant that each possesses the full and complete authority to covenant and agree as herein provided, and further represent and warrant that each has the full and complete authority to execute this Agreement.

11.    **COOPERATION OF THE PARTIES**.  The Parties and their attorneys, agents, representatives and employees shall cooperate with one another in the implementation of the terms and conditions of this Agreement and agree to use reasonable efforts to promptly secure the signatures required to effectuate this Agreement, including the necessary signatures to expedite the filing of the dismissal of the Party's claims asserted in the Litigation with prejudice.

12.    **APPLICABLE LAW.** This Agreement shall be construed and interpreted in accordance with the laws of the State of New Jersey.

13.    **CONSTRUCTION OF AGREEMENT**.  This Agreement shall not be construed more strictly against any Party to this Agreement merely by virtue of the fact that the Agreement may have been drafted or prepared by such party or its counsel, it being recognized that all Parties have contributed substantially and materially to its preparation, all Parties have been represented by counsel in this matter, and that this Agreement has been the subject of negotiations between the Parties and is a product of those negotiations.  This Agreement also shall not be interpreted as rendering any Party a prevailing party for any purpose, including, but not limited to an award of attorney's fees under any statute or otherwise.

6

DEFENDANTS' DRAFT – MAY 25, 2022 (9:10 PM)

14. **ENTIRE AGREEMENT**.   This Agreement contains the sole and entire agreement between the parties hereto and fully supersedes any and all prior agreements and understanding pertaining to the subject matter hereof, and is intended to memorialize the settlement of Plaintiff's claims.  Plaintiff represents and acknowledges that, prior to executing this Agreement, he consulted his attorney, that he had ample time to do so, that he obtained the advice of counsel prior to making the decision to execute the Agreement and that he had not relied upon any representation or statement not set forth in this Agreement made by any Defendant thereto, or any Defendant's counsel or representatives, with regard to the subject matter of this Agreement. No other promises or agreements shall be binding unless in writing between the Parties.

15. **SEVERABILITY**.   The parties agree that if any court declares any portion of this Agreement unenforceable, the remaining portion shall be fully enforceable.

16. **AMENDMENTS**.  This Agreement may not be amended, changed or modified except in a writing between the Parties.  It is expressly understood and agreed that this provision may not be orally amended but must be amended in writing.  This Agreement shall be binding on the heirs, executors, and beneficiaries and any successor organization by merger, change of control or operation of law.

17. **FURTHER ASSURANCES**.  The Parties agree to execute any additional documents reasonably necessary to effectuate this Agreement including, without limitation, a Stipulation of Dismissal with prejudice and without costs.

18. **NO WAIVER**.  The delay or failure of a Party to exercise any right, power or privilege hereunder or failure to strictly enforce any breach or default shall not constitute a waiver with respect thereto and no waiver of any such right, power, privilege, breach or default on any one occasion shall constitute a waiver thereof on any subsequent occasion unless clear and express notice thereof in writing is provided.

19. **COSTS AND FEES**.  Plaintiff agrees to bear his own costs and attorney's fees in connection with the Litigation referenced herein and in connection with the negotiation of this Agreement.  This Agreement shall not be interpreted as rendering any Party a prevailing party for any purpose, including, but not limited to an award of attorney's fees under any statute or otherwise.

20. **ACKNOWLEDGMENT**.  Plaintiff acknowledges that he has read all of the terms of this Agreement, and has had an opportunity to discuss it with individuals of his own choice. The Parties have been represented throughout this litigation by attorneys of their own choosing and each affirm they have had an opportunity to review the Agreement with such counsel. Plaintiff further acknowledges and understands that by signing this Agreement and accepting the terms set forth above, he is receiving monies and benefits to which he might  not otherwise be entitled but for this Agreement. Plaintiff understands that he is receiving such benefits as a result of entering into and complying with the terms and provisions of this Agreement.  Plaintiff acknowledges that he executes this Agreement voluntarily and knowingly in exchange for the consideration described herein, which is acknowledged to be adequate and satisfactory.

7

DEFENDANTS' DRAFT – MAY 25, 2022 (9:10 PM)

**EXECUTED AND AGREED TO:**

_____
_____                    _____
Xavier Ingram                                      Date

STATE OF _____
                                      SS.
COUNTY OF _____

I CERTIFY that on _____, _____, Xavier Ingram personally came before me and acknowledged under oath, to my satisfaction, that this person (or if more than one, each person);

    (a)    is named in and personally signed this document, and
    (b)    signed, sealed and delivered this document as his or her act and deed.

Prepared by:

_____

# EXHIBIT H

**From:** William Cook
**Sent:** Wednesday, June 1, 2022 4:23 PM
**To:** Beth Baldinger <bbaldinger@mazieslater.com>
**Cc:** William Tambussi <wtambussi@brownconnery.com>; 'Jay Blumberg'
(jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; Dean
Wittman <dwittman@zwattorneys.com>; Cory Rothbort <crothbort@mazieslater.com>
**Subject:** FW: Revisions to Release - Ingram vs. Camden County

At the request of Nationwide, please complete the attached form and return.

I am amending the release to conform with Nationwide's standard language
which I received last week.



**William F. Cook, Esquire**
Partner
**_BROWN & CONNERY, LLP_**
360 Haddon Avenue, Westmont, NJ 08108
Office:  (856) 854-8900    Fax:  (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

**From:** William Cook
**Sent:** Thursday, May 26, 2022 9:47 AM
**To:** Beth Baldinger <bbaldinger@mazieslater.com>; William Tambussi
<wtambussi@brownconnery.com>; 'Jay Blumberg'
(jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; Dean
Wittman <dwittman@zwattorneys.com>; Cory Rothbort <crothbort@mazieslater.com>
**Subject:** Revisions to Release - Ingram vs. Camden County

Please be advised that I have received carrier approval to forego an MSA.

I will be revising the release sent last evening to remove the MSA language.  Do
not mark-up the release I sent last evening until an updated version is provided.

Please advise as to the remaining items below, including whether the settlement
will be structured to divert money for Mr. Ingram's children, as the co-broker
arrangement avoids the tax consequences of transferring money from Mr. Ingram
to the children.

The CMS Medicare letter that you sent (attached) does not qualify for the carriers because it doesn't acknowledge Mr. Ingram's existence in the system. Mr. Ingram does have a social security number. The carrier is unable to process a check without a proper letter from Medicare. A screen shot of Mr. Ingram's data in the Medicare portal will be acceptable if a proper CMS letter is not obtained.

Please advise whether you would you like to speak to the carrier's counsel for these requirements.

Thank you.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900     Fax: (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

**From:** William Cook
**Sent:** Wednesday, May 25, 2022 9:24 PM
**To:** 'Beth Baldinger' <bbaldinger@mazieslater.com>; William Tambussi <wtambussi@brownconnery.com>; "Jay Blumberg' (jjblumberg@blumberglawoffices.com)' <jjblumberg@blumberglawoffices.com>; 'Dean Wittman' <dwittman@zwattorneys.com>; 'Cory Rothbort' <crothbort@mazieslater.com>
**Subject:** RE: Ingram vs. Camden County

Attached is the proposed defense draft as referenced below.

Please further be advised that, if Plaintiff is structuring any portion of this settlement, National Casualty will require a co-broker arrangement with its designated structure professional, as we understand this will be necessary for the Plaintiff to avoid tax consequences, e.g., if he diverts money to a fund for a child or children.

Please also provide the information previously requested in the emails below as soon as possible.

In accordance with the clawback provisions of the Discovery Confidentiality Agreement, Defendants will also demand the return of all materials produced to Plaintiff that were designated Confidential, including but not limited to all internal

# EXHIBIT I

**Beth Baldinger**

| | |
|---|---|
| **From:** | William Cook <wcook@brownconnery.com> |
| **Sent:** | Wednesday, June 1, 2022 8:01 PM |
| **To:** | Beth Baldinger; Cory Rothbort; Jay Blumberg; William Tambussi; Dean Wittman |
| **Subject:** | RE: Revisions to Release - Ingram vs. Camden County |

Please cooperate ASAP and provide the requested letter.

As you are well aware, you have been requested to do this on several occasions over the past several weeks.

Your request for this letter was done incorrectly.  I am not fixing your mistake.

The letter you provided says that Medicare does not recognize Ingram in their system.

As I advised, this is not a no-lien letter.  The carrier will not accept it.

The no-lien letter says that CMS has reviewed its records for Ingram and he has no obligations.

The carrier is required to have this confirmation in hand in order to proceed.

As stated, I am working on the updated draft of this release and should have to you by tomorrow.

Please obtain the letter so that this process may be brought to conclusion.

Thank you.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900     Fax:  (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

**From:** Beth Baldinger <bbaldinger@mazieslater.com>
**Sent:** Wednesday, June 1, 2022 7:16 PM
**To:** William Cook <wcook@brownconnery.com>; Cory Rothbort <crothbort@mazieslater.com>; Jay Blumberg
<jjblumberg@blumberglawoffices.com>; William Tambussi <wtambussi@brownconnery.com>; Dean Wittman
<dwittman@zwattorneys.com>
**Subject:** Re: Revisions to Release - Ingram vs. Camden County

This is an EXTERNAL email. STOP. THINK! DON'T click links or open files unless you know the sender!

I am not holding up your clients obligation to make timely payment for this. They should have requested it a month ago. You can order it.

Sent from my iPhone


On Jun 1, 2022, at 4:32 PM, William Cook <wcook@brownconnery.com> wrote:


Nationwide is also advising that they need a legitimate CMS no-payment letter.

The letter you provided appears to indicate that CMS did not receive enough information from them to run an inquiry to determine whether Medicare made any conditional payment or whether Ingram is or is not Medicare eligible.

I will respond to your letter separately.

Thank you.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900    Fax: (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com


**From:** William Cook
**Sent:** Wednesday, June 1, 2022 4:23 PM
**To:** Beth Baldinger <bbaldinger@mazieslater.com>
**Cc:** William Tambussi <wtambussi@brownconnery.com>; 'Jay Blumberg' (jjblumberg@blumberglawoffices.com) <jjblumberg@blumberglawoffices.com>; Dean Wittman <dwittman@zwattorneys.com>; Cory Rothbort <crothbort@mazieslater.com>
**Subject:** FW: Revisions to Release - Ingram vs. Camden County

At the request of Nationwide, please complete the attached form and return.

**From:** Beth Baldinger <bbaldinger@mazieslater.com>
**Sent:** Wednesday, June 1, 2022 7:16 PM
**To:** William Cook <wcook@brownconnery.com>; Cory Rothbort <crothbort@mazieslater.com>; Jay Blumberg <jjblumberg@blumberglawoffices.com>; William Tambussi <wtambussi@brownconnery.com>; Dean Wittman <dwittman@zwattorneys.com>
**Subject:** Re: Revisions to Release - Ingram vs. Camden County

> This is an EXTERNAL email. STOP. THINK! DON'T click links or open files unless you know the sender!

I am not holding up your clients obligation to make timely payment for this. They should have requested it a month ago. You can order it.

Sent from my iPhone

On Jun 1, 2022, at 4:32 PM, William Cook <wcook@brownconnery.com> wrote:

Nationwide is also advising that they need a legitimate CMS no-payment letter.

The letter you provided appears to indicate that CMS did not receive enough information from them to run an inquiry to determine whether Medicare made any conditional payment or whether Ingram is or is not Medicare eligible.

I will respond to your letter separately.

Thank you.



**William F. Cook, Esquire**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office: (856) 854-8900    Fax: (856) 858-4967
Direct: (856) 812-2203
wcook@brownconnery.com
www.brownconnery.com

# EXHIBIT J

# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ 07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn*°
David M. Estes
Adam M. Epstein°

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Writer's Direct Dial & Email:
973-228-0473
bbaldinger@mazieslater.com

Karen G. Kelsen°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Samuel G. Wildman
Julia S. Slater°
Trevor D. Dickson

°Member of N.J. & N.Y. Bars

June 1, 2022

**VIA E-MAIL AND LAWYERS SERVICE**
William Tambussi, Esq.
William F. Cook, Esq.
Brown & Connery, LLP
360 Haddon Avenue, P.O. Box 539
Westmont, New Jersey 08108

> Re:   **Xavier Ingram v. County of Camden, et al.**
>        **Civil Action No.: 1:14-cv-05519**

Dear Mr. Cook and All Counsel:

After you unreasonably delayed providing the draft Settlement Agreement and Release, I have reviewed it and am writing to advise that its terms are unacceptable. While this case was settled by agreement on May 6, 2022 – for payment by Defendants $10,000,000 and with no conditions aside from the execution of a General Release – the proposed General Release contains terms and conditions, never discussed and certainly not agreed to, which are onerous, lacking in legal basis and not acceptable.

First of all, Defendants seek to withhold payment of the settlement funds for an additional 4 (four) months – and possibly longer – at Defendants' discretion. This is totally unacceptable and we expect to receive payment immediately upon production of the signed General Release. There is no reason for such a months-long delay as the money is being paid by the insurance company,

William Cook and All Counsel
June 1, 2022
Page 2

not public funds.  Please be advised that pursuant to <u>N.J.A.C.</u> 11:2-17.7 (f) payment is required to be made within 10 (ten) working days from receipt of the settlement documents.  Moreover, we originally advised settlement payment was to be made within 30 days, which is now fast approaching.

The General Release inexplicably provides that the "settlement payment is subject to final ratification and approval by the Board of Commissioners of the County of Camden" – this is exceptionally unreasonable and unacceptable. This is particularly inappropriate, as Mr. Tambussi represented that he had already had full authorization on behalf of all Defendants to enter into this settlement – without further reservation, qualification or any other approval. (See, Magistrate Judge Pamela Carlos' E-mail of May 6, 2022) Moreover, both you and Camden County Counsel have made numerous public statements to the press that the County is objecting to this settlement, but their insurance carriers have insisted on settling over their objection.  Thus, it is unclear what approval you could possibly be referring to.  Why does the County Board of Commissioners now need to approve anything, if the insurance carrier made the settlement over defendants' objections? Clearly, this is unreasonable and unacceptable.

Separately, any references to Medicare must be removed as we already advised that Mr. Ingram has not received any Medicare benefits and proof of that has already been provided to you. Accordingly, there is no Medicare lien. Moreover, he is not eligible for Medicare, and we provided you with an opinion letter from Thomas Begley, Esq. confirming that. Accordingly, a Medicare Set-Aside ("MSA") is not required.  As such, all language as to a MSA must be removed from the release. In fact, you agreed in a prior e-mail there is no MSA requirement. Moreover, the release references a Medicaid Set- Aside. There is no such thing as a Medicaid Set-Aside, so this too, must be deleted.

William Cook and All Counsel
June 1, 2022
Page 2

     We object to any reservation of right by the insurance carriers to pay any liens directly, including the Medicaid lien.  As advised the Medicaid lien is Mr. Ingram's responsibility and we are working with Medicaid to have the lien adjusted. As I advised, we will pay the final lien from the settlement funds and will provide you with both proof of the amount of the final lien and proof that it has been paid.  The insurance carriers have no right or authority to intervene on Mr. Ingram's behalf with Medicaid as to the amount of the lien, or payment of it. Defendants' obligation is to pay the full settlement sum of $10,000,000 and they do not have the right to withhold any portion for any purpose whatsoever.  The bottom line is that the settlement of this matter requires your insurance carriers to pay jointly, Mazie Slater Katz & Freeman, LLC and Xavier Ingram, the sum of $10,000,000.

     Moreover, Mr. Ingram's future medical expenses and payment of them are not the concern of the defendants or their carriers. Nor was it a condition of settlement that Defendants have any input into Mr. Ingram's future medical expenses and care. All reference to future medical expenses must be removed.  Under no circumstances will there be a requirement of approval by any government agency, such as "CMS to approve a CSA",  prior to distribution of the settlement proceeds.

     With regard to your inclusion of liens for employer or workers' compensation benefits, plans or statutes this too is must be removed as it also inapplicable. As you aware Mr. Ingram was not injured in the course and scope of employment, he was injured during the course of the subject arrest.  Moreover, he was not even employed at the time of injury. The same goes for liens under temporary or permanent disability plans, as those  too are not applicable.

William Cook and All Counsel
June 1, 2022
Page 2

As for Child Support obligations set forth in paragraph 6, this provision is overly broad because you have already been provided with proof that Mr. Ingram is not a child support judgment debtor. Therefore, plaintiff will only agree to the following language with respect to child support:

> "Plaintiff hereby warrants and certifies that a search of child support judgments has been conducted through a private judgment search company that maintains information on child support judgments and that such search has yielded proof that Plaintiff is not a child support judgment debtor."

Also it must added, "The defendants warrant and certify that they have been provided with proof that Plaintiff is not a child support judgment debtor."

As for the Dismissal of the Action provision of Paragraph 2, I will provide a Stipulation of Dismissal with Prejudice as to all Defendants explicitly conditioned on all defense counsel agreeing to hold the Stipulation of Dismissal in escrow and not file it until the full settlement proceeds have been paid and cleared through my firm's trust account.

The Covenant Not to Sue clause in Paragraph 7 is overly broad, and we do not agree to this language. This is an inappropriate attempt to restrict Mr. Ingram from pursuing any recourse – aside from civil claims seeking monetary relief – that he may have which was never part of the civil case or the settlement agreement. This includes Mr. Ingram's right to pursue administrative relief, including completion of the stalled Internal Affairs investigation. Camden County Police Department is **required** to complete the Internal Affairs investigation into this matter now that the civil case is concluded. Quite frankly, we don't understand why CCPD would not want to finish the internal affairs investigation as the conduct of its officers are its responsibility and the Internal Affairs investigation is required under the Attorney General Guidelines.

Likewise, the language in Paragraph 4, "Release", must be modified. The bottom line in settling this case is that Mr. Ingram has, and is, only agreeing to forego pursuit of civil claims

William Cook and All Counsel
June 1, 2022
Page 2

seeking monetary relief against Defendants – that were raised or could have been raised in this litigation arising out of the June 12, 2014 incident.  Mr. Ingram has not and will not agree to waive his right to pursue any other relief, i.e. internal affairs determination and simply stated, it is improper for you to request that he do so.

The Indemnification clause of Paragraph 8 is inappropriate, nonsensical and without any legal basis.  Again, this too, was not part of the unconditional settlement reached through mediation with Magistrate Judge Carlos.

As for Paragraph 18, "No Waiver" clause, the intent of this paragraph is unclear due to the vague and confusing language.  Please clarify or modify the language so we can fully evaluate it.

Please note that any terms not addressed in this letter should not be deemed as an acceptance to them.  In the interest of getting this General Release done and finalized, I request we have a meet and confer over the terms this Friday.  Please confirm your availability.

Sincerely,

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff

*/s/ Beth G. Baldinger*
BETH G. BALDINGER, ESQ.

Cc:    Counsel of Record (via Email Only)