IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| XAVIER INGRAM | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-5519 |
| | : | |
| COUNTY OF CAMDEN, et al. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                        **August 26, 2022**

The parties in this matter entered into a settlement agreement in the amount of $10,000,000. Counsel for Plaintiff Xavier Ingram subsequently filed a Motion for Attorney Fees pursuant to New Jersey Rule of Court 1:21-7, which sets limits for contingent fee agreements in New Jersey state and federal courts. Ingram's counsel asks the Court to set a fee of 33⅓% of the settlement amount exceeding $2,000,000. Defendants oppose the Motion and claim the requested contingency fee is not allowable under the Rule. The Court will grant Ingram's counsel's Motion because the requested fee complies with the Rule and is reasonable given the complexity and longevity of this litigation.

**FACTUAL BACKGROUND**

This case arises from an injury sustained by Xavier Ingram during an encounter with Camden County police officers on July 12, 2014. Ingram retained counsel from the law firm of Mazie Slater Katz & Freeman, LLC and filed the Complaint on September 4, 2014. After nearly a decade of pretrial litigation, the case proceeded to trial on February 28, 2022. On March 29, 2022, the Court declared a mistrial because the jury was hopelessly deadlocked and unable to reach a unanimous verdict.

The parties thereafter agreed to settle the case for $10,000,000. On July 15, 2022, Ingram's counsel filed a motion to set attorney fees at 33⅓% of the recovery exceeding $2,000,000, which is consistent with the fee structure set forth in Ingram's retainer agreement. Ingram's counsel filed

a certification outlining the work performed in connection with Ingram's representation, and Xavier Ingram himself filed a declaration in support of the motion. The Court directed the parties to submit supplemental briefing on the issue, after which Defendants filed a response in opposition.

**DISCUSSION**

Defendants argue the fee request is based on an outdated version of Rule 1:21-7 and is unreasonable under the current version of the Rule.[1] Although Rule 1:21-7 was substantively amended on July 22, 2014—after Ingram entered into the retainer agreement but before the settlement funds were remitted in August 2022—the requested fee arrangement is reasonable under both versions of the Rule.

The New Jersey state court rules provide limits on contingency fees in tort actions. *See* N.J. Court Rules, R. 1:21-7(c). The District of New Jersey's Local Civil Rules incorporate New Jersey

---

[1] Defendants make several additional arguments. Defendants first assert the Court lacks jurisdiction because a stipulation of dismissal was filed on August 16, 2022, thus concluding the matter. Defendants also argue Ingram's retainer agreement is invalid and the matter should be remanded to New Jersey Superior Court for resolution of his attorney fee arrangement.

Although a proper notice of dismissal "deprives [a] district court of jurisdiction to decide the merits of the case," the court "retains jurisdiction to decide 'collateral' issues—such as sanctions, costs and attorneys fees." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 & n.8 (3d Cir. 2008). "Contingency fee agreements apportion resources between plaintiffs and their counsel rather than plaintiffs and defendants, and therefore are collateral to the substantive merits of lawsuits in a way that awards of attorney's fees between parties are not." *Mitzel v. Westinghouse Elec. Corp.*, 72 F.3d 414, 417 (3d Cir. 1995). The Third Circuit has explained "contingency fee agreements are of special concern to the courts." *Dunn v. H.K. Porter Co.*, 602 F.2d 1105, 1108 (3d Cir. 1979). Contingency fee arrangements between a client and an attorney fall within a court's "supervisory power over the members of its bar." *Schlesinger v. Teitelbaum*, 475 F.2d 137, 141 (3d Cir. 1973). The Court therefore retains jurisdiction to set attorney fees notwithstanding the stipulation of dismissal.

Defendants also argue Ingram's retainer agreement is unenforceable for various reasons. The Court has no jurisdiction to decide issues such as Ingram's competency in the immediate aftermath of his injury and the durability of any power of attorney held by his family members. It would be inappropriate for the Court to make such findings of fact and conclusions of law at this juncture. As explained previously, the issue presently before the Court is a narrow one—whether the requested fee arrangement is compliant with the unambiguous court rule.

2

Rule 1:21-7 into New Jersey federal court practice.[2] Rule 1:21-7 applies a set of diminishing contingency fee limits as the value of a plaintiff's recovery increases. At the time Ingram was injured and retained counsel, the Rule provided a maximum contingency fee as follows:

> [A]n attorney shall not contract, charge, or collect a contingent fee in excess of the following limits:
>
> 1) 33⅓% on the first $500,000 recovered;
> 2) 30% on the next $500,000 recovered;
> 3) 25% on the next $500,000 recovered;
> 4) 20% on the next $500,000 recovered; and
> 5) on all amounts recovered in excess of the above by application for reasonable fee in accordance with the provisions of paragraph (f) hereof.

N.J. Court Rules, R. 1:21-7(c) (pre-2014 amendment). The Rule thus provided specific percentage limits for a contingent fee on the first $2,000,000 of a plaintiff's recovery in four increments of $500,000 and allowed an attorney to apply to the court for approval of a "reasonable" fee on the amount recovered in excess of $2,000,000.

These fee limits were not absolute. The Rule permitted an attorney to apply to the Court for a higher percentage of a plaintiff's recovery if the compensation under this fee structure was deemed inadequate:

> If at the conclusion of a matter an attorney considers the fee permitted by paragraph (c) to be inadequate, an application on written notice to the client may be made to the Assignment Judge or the designee of the Assignment Judge for the hearing and determining of a reasonable fee in light of all the circumstances. This rule shall not preclude the exercise of a client's existing right to a court review of the reasonableness of an attorney's fee.

---

[2] "A lawyer admitted pro hac vice [to the federal court] is deemed to have agreed to take no fee in any tort cases in excess of New Jersey Court Rule 1:21-7 governing contingent fees." Loc. Civ. R. 101.1(c)(4); *see also Mitzel*, 72 F.3d at 416.

N.J. Court Rules, R. 1:21-7(f). There are, however, two important qualifiers to this provision. An attorney must give the client written notice of the request. The Court must also determine whether the requested fee is "reasonable in light of all the circumstances." *Id.*

Rule 1:21-7 was amended after Ingram was injured.[3] Instead of specifying percentage limits applicable to the first $2,000,000 of a plaintiff's recovery using increments of $500,000, the Rule now uses increments of $750,000 and specifies percentage limits applicable to the first $3,000,000 of a plaintiff's recovery.[4] Otherwise, the prior version of the Rule is identical to the current version. Under the prior version, an attorney could collect a fee on the first $2,000,000 according to the diminishing percentages in 1:21-7(c)(1)-(4) and then apply for a reasonable percentage of the amount recovered in excess of $2,000,000 under 1:21-7(c)(5). Alternatively, under 1:21-7(f), an attorney could apply for a reasonable fee exceeding the total amount calculated under 1:21-7(c) if the fee permitted under that provision was considered inadequate. Under the current version of the Rule, an attorney has the same options, except that the percentages in 1:21-7(c)(1)-(4) apply to recovery up to $3,000,000 instead of $2,000,000. Under both versions, the Court has the discretionary authority to set a higher fee, so long as it is reasonable.

Although the amendment was explicitly made effective on September 1, 2014, the prior and current version of the rule apply to the duration of an attorney's representation in a particular

---

[3] The Rule was amended on July 22, 2014, with an express effective date of September 1, 2014.

[4] "[A]n attorney shall not contract for, charge, or collect a contingent fee in excess of the following limits:
    (1) 33⅓% on the first $750,000 recovered;
    (2) 30% on the next $750,000 recovered;
    (3) 25% on the next $750,000 recovered;
    (4) 20% on the next $750,000; and
    (5) on all amounts recovered in excess of the above by application for reasonable fee in accordance with the provisions of paragraph (f) hereof . . ."
N.J. Court Rules, R. 1:21-7(c).

matter. N.J. Court Rules, R. 1:21-7(c) ("[a]n attorney shall not *contract for, charge, or collect* . . ."). Therefore, the acceptability of the requested fee arrangement must be adjudged as of the time counsel contracted with Ingram in 2014 and at the point when counsel intends to collect compensation in 2022.

Under both versions of the Rule, Ingram's counsel's fee request is compliant. At the time of Ingram's injury, the prior version of the Rule was in effect. When Ingram entered into the retainer agreement, Ingram's counsel had not *contracted for* a contingency fee in excess of the limits imposed by the version of Rule 1:21-7(c) then in effect. When the parties reached a settlement agreement in Summer 2022, the current version of the Rule was in effect. Now that the settlement has been remitted and the funds are in Ingram's attorneys' trust account, Ingram's counsel is requesting 33⅓% of the amount recovered in excess of $2,000,000. Because subsection (f) of both versions of the Rule authorizes the Court to set attorney fees higher than the default levels established by subsection (c) the Rule—the Court may allow a higher fee if it is reasonable.

The requested contingency fee is clearly reasonable given the magnitude of this litigation. A reasonable fee must be determined in light of all the circumstances. *See King v. County of Gloucester*, 483 F. Supp. 2d 396, 398 (D.N.J. 2007) (citing *Ehrlich v. Kids of North Jersey, Inc., et al.*, 769 A.2d 1081 (N.J. Super Ct. App. Div. 2001)). In determining a reasonable fee, the Court is guided by eight factors as laid out by the New Jersey Rules of Professional Conduct:

> 1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> 2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> 3) the fee customarily charged in the locality for similar legal services;
> 4) the amount involved and the results obtained;
> 5) the time limitations imposed on the client or by the circumstances;
> 6) the nature and length of the professional relationship with the client;

7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

8) whether the fee is fixed or contingent.

N.J. R.P.C. 1.5(a); *see* N.J. Court Rules, R. 1:21-7(e) ("In all cases contingent fees charged or collected must conform to RPC 1.5(a)."); *Nikoo v. Cameron*, No. 18-11621, 2021 U.S. Dist. LEXIS 32150, at *2 (D.N.J. Feb. 22, 2021) (applying New Jersey R.P.C. 1.5(a) to determine a reasonable fee). "Two especially important factors courts consider in determining a reasonable fee are whether 'the case presented problems which required exceptional skills beyond that normally encountered in such cases or the case was unusually time consuming.'" *King*, 483 F. Supp. 2d at 399 (citing *Wurtzel v. Werres*, 493 A.2d 611 (N.J. Super. Ct. App. Div. 1985)).

In this case, attorneys from the Mazie Slater Katz & Freeman law firm litigated this case zealously for years. Counsel conducted extensive investigation and pretrial discovery, engaged in years of motions practice, and prepared the case for a four-week trial. At the trial itself, Ingram's attorneys presented extensive testimony from lay and expert witnesses. Although the jury was unable to reach a unanimous verdict, Ingram's lawyers demonstrated impressive lawyering throughout this case. The Court also notes Ingram himself signed a declaration in which he consents to this fee arrangement. Therefore, the Court will set the fee at 33⅓% of the settlement amount exceeding $2,000,000.

An appropriate order follows.

BY THE COURT:

  /s/ Juan R. Sánchez  
Juan R. Sánchez, C.J.